Argued and submitted May 23, 1983, reversed and remanded with instructions April 11, respondent's reconsideration allowed June 27, former opinion (68 Or App 743, 683 P2d 554) amplifed, affirmed as amplified, petition for review denied August 21, 1984 (297 Or 601)

In the Matter of the Compensation of
Charles W. Roller, Claimant.

ROLLER,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(82-00383; CA A26151)

679 P2d 341

Michael M. Bruce, Eugene, argued the cause for petitioner. With him on the supplemental brief was Lyle C. Velure, Eugene.

Mildred J. Carmack, Portland, argued the cause for respondent. With her on the briefs were Dennis S. Reese and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant appeals an order of the Workers' Compensation Board that reversed the referee and affirmed employer's denial of further responsibility for claimant's diabetes. We reverse.

On January 11, 1980, claimant was injured when he hit his head and leg while working as a saw operator. Claimant's treating physician diagnosed his disability as diabetes mellitus. Following a denial by employer and a hearing, the referee ruled on May 11, 1980, that employer was responsible for claimant's diabetes. No appeal was taken from that order. Employer accepted the claim and provided benefits until January 5, 1982, when it issued a partial denial by which it disclaimed further responsibility for claimant's diabetes mellitus condition. That denial letter stated that employer continued to accept responsibility for the results of the January 11, 1980, injury, but denied future responsibility for the diabetes condition, because it had reached a stage where it would have been whether or not claimant had sustained the industrial injury. The letter went on to state that "there no longer is any identifiable residual effect on the diabetes from your industrial injury." Claimant requested a hearing on the denial, and the referee ordered that it be set aside. He further ordered employer to pay claimant penalties and attorney fees. On review, the Board reversed the referee's opinion and order and affirmed the denial.

Claimant contends that employer is bound by the original determination of compensability, which was not appealed. Clearly, employer has lost the right to deny compensability of the original claim. The issue here, however, is whether employer may issue a denial that only terminates *future* responsibility for a compensable condition before the extent of claimant's disability has been determined. In *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), the insurer attempted to revoke its prior acceptance of a claim as non-disabling on which it had paid medical benefits only. When the claimant attempted to reopen the claim, alleging an aggravation, SAIF denied compensability of the original claim. The court held that it could not do so, stating:

"'* * * It was only after claimant attempted to reopen his claim for aggravation that SAIF suddenly reversed its decision and denied compensability for the original claim. SAIF was too late. To allow the employer or the employer's insurer to engage in such vacillating activity would encourage degrees of instability in the workers' compensation system that we do not believe the statute contemplates. * * * If, as in this case, the insurer officially notifies the claimant that the claim has been accepted, the insurer may not, after the 60 days have elapsed, deny the compensability of the claim unless there is a showing of fraud, misrepresentation or other illegal activity. The insurer or self-insured employer is not at liberty to accept a claim, make payments over an extended period of time, place the compensability in a holding pattern and then, as an afterthought, decide to litigate the issue of compensability. * * *" 295 Or at 793.

Unlike the insurer in *Bauman,* employer is not attempting to revoke its original acceptance of the claim; rather, it is attempting to terminate future responsibility before the extent of claimant's disability has been determined. To permit employer to follow that procedure is tantamount to authorizing it to bypass a hearing on the extent of a claimant's disability and could preempt the resolution of an issue that is involved in determining the extent of disability. If the claimant does not request claim closure, the employer may do so. Under ORS 656.268(3),[1] an employer is permitted to issue a

---

[1] ORS 656.268(3) provides:

"When the medical reports indicate to the insurer or self-insured employer that the worker's condition has become medically stationary and the self-insured employer or the employer's insurer decides that the claim is nondisabling or is disabling but without permanent disability, the claim may be closed, without the issuance of a determination order by the Evaluation Division. The insurer or self-insured employer shall issue a notice of closure of such a claim to the worker and to the Workers' Compensation Department. The notice must inform the worker of the decision that no permanent disability results from the injury; of the amount and duration of temporary total disability compensation; of the right of the worker to request a determination order from the Evaluation Division within one year of the date of the notice of claim closure; of the aggravation rights and of such other information as the director may require. Within one year of the date of the notice of such a claim closure, a determination order subsequently shall be issued on the claim at the request of the claimant or may be issued by the Evaluation Division upon review of the claim if the division finds that the claim was closed improperly. If an insurer or self-insured employer has closed a claim pursuant to this subsection and thereafter decides that the claim has permanency, the insurer or self-insured employer shall request a determination order as provided in subsection (2) of this section. If an insurer or self-insured employer has closed a claim pursuant to this subsection, if the reasonableness of that closure decision is

notice of closure when the medical reports indicate to it that the claimant's condition has become medically stationary and that it has decided that the claim is nondisabling or is disabling but without permanent disability. The notice must be given to the claimant and the Department and must contain the specific information and advice of rights required by the statute.

If that is done, the claimant may require a determination order from the Evaluation Division and the orderly process of claim closure and determination of extent of disability is followed. *See Safstrom v. Riedel International, Inc.,* 65 Or App 728, 672 P2d 392 (1983). Here, employer's denial letter does not conform to the statute and has resulted in a bypassing of that orderly procedure.

To hold, as we do, that employer's partial denial was improper here does not preclude it from litigating the issue at the time of closure; neither does it affect employer's post-closure right to deny claims for specific medical treatments or for aggravation on the ground that they do not "result from the injury." ORS 656.262, 656.313(3).

Claimant has already established that his diabetes mellitus condition is compensable and that he is entitled to time loss and medical benefits. Employer may not summarily terminate those benefits by short-cutting the process of closing the claim by a determination of the extent of claimant's disability.

Reversed and remanded for reinstatement of referee's opinion and order.

---

at issue in a hearing on the claim and if a finding is made at the hearing that the closure decision was not supported by substantial evidence, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be owing between the date of original closure and the date upon which the claim is closed by determination order. The penalty shall not be less than $500."