On respondent's reconsideration filed May 7, reconsideration allowed; former opinion filed May 23 (67 Or App 583, 679 P2d 341) amplified; affirmed as amplified June 27, petition for review denied August 21, 1984 (297 Or 601)

In the Matter of the Compensation
of Charles W. Roller, Claimant.

### ROLLER,
*Petitioner,*

*v.*

## WEYERHAEUSER COMPANY,
*Respondent.*

(83-00383; CA A26151)

683 P2d 554

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

We allow employer's petition for reconsideration in order to amplify the basis for our original opinion, *Roller v. Weyerhaeuser Co.,* 67 Or App 583, 679 P2d 341 (1984), and, with that amplification, we adhere to that opinion.

Employer's "partial denial" here was, in effect, an attempt to effect an employer closure, which is authorized by ORS 656.268(3). As we pointed out in our opinion, however, employer treated its "partial denial" as just that, not as a closure, and it did not comply with the notice provisions required by the statute for employer-insurer closures. The procedures are different. For example, with respect to a denied claim, a claimant must generally file a request for hearing within 60 days, ORS 656.319(1)(a), whereas he has one year after notice of claim closure within which to request a determination order from the Evaluation Division. ORS 656.268(3).

Our original opinion held that employer may not shortcut the statutory procedure for closing the claim by use of the "partial denial" it used in this case. We adhere to that opinion.

Reconsideration allowed; former opinion amplified; as so amplified, adhered to.