Argued and submitted December 14, 1984, reversed and remanded with instructions
February 27, 1985

In the Matter of the Compensation of
Anthony P. Brech, Claimant.

BRECH,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(83-04044; CA A31888)

695 P2d 964

Robert Wollheim, Portland, argued the cause for petitioner. On the brief were James S. Coon, and Welch, Bruun and Green, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant petitions for review of an order of the Workers' Compensation Board denying him permanent total disability and awarding him 85 percent scheduled disability for the loss of use of his left leg. We review *de novo* and hold that claimant is permanently and totally disabled.

Claimant is 62 years old and has worked for 33 years, since his discharge from military service, as a carpenter. He suffered a compensable knee injury in 1978, for which he underwent several surgeries, including a knee replacement in 1981. He testified that he cannot stand for more than 15 minutes at a time, nor walk more than one block, without experiencing severe pain. The referee found claimant's testimony credible as to those limitations. In addition to his leg problem, claimant suffers from tinnitis, for which, if he were in a noisy situation, he would have to take medication that precludes his driving and operating machinery. Claimant is also hard of hearing and has difficulty communicating by telephone.

A vocational counselor testified that, because of his problems, "it [is] just about impossible for [claimant] to be employed." She stated that she did not know of any sedentary jobs in which he could use his carpentry skills and that he cannot work in an office or use a telephone because of his hearing loss and tinnitis.

■ The referee's opinion, which the Board affirmed, incorporated the conclusion that claimant cannot obtain regular, gainful employment, stating:

"In view of claimant's age and his impairment there isn't any likelihood claimant would return to work, even if work were available. There is even less likelihood claimant would be able to obtain and hold regular, gainful sedentary employment which would be suitable, considering the restrictions imposed by his compensable injury. However, in view of the fact his physician is of the opinion claimant could perform sedentary work, and in view of the legislative requirement that a seeker of permanent total disability comply with the requirements of ORS 656.206(3) I find that even if claimant is permanently and totally disabled as a matter of fact, he does not meet the statutory requirement for an award of permanent total disability."

The referee apparently considered the physician's testimony to which he referred as contradicting the vocational counselor's testimony that claimant is not "reasonably employable." It is clear from an examination of the record that the physician based his opinion that claimant "could be employed in a sitting type of position" on a consideration only of claimant's leg injury, without considering also his hearing problems. The record supports a finding that, because of all his problems, claimant is unable to perform regular gainful work and, therefore, is permanently totally disabled.[1]

■      The second basis for the referee's denying permanent total disability is claimant's alleged failure to comply with the requirement of ORS 656.206(3) that a claimant prove "that the worker is willing to seek regular gainful employment and that the worker has made reasonable efforts to obtain such employment." Claimant's failure to seek employment is not unreasonable when, in view of his disabilities, such efforts would be futile. *Hanna v. SAIF,* 65 Or App 649, 654, 672 P2d 67 (1983); *Looper v. SAIF,* 56 Or App 437, 441, 642 P2d 325 (1982). The evidence establishes that claimant cannot perform regular gainful employment; because he is permanently totally disabled from a physical standpoint, it is unnecessary for him to undertake the futile effort of seeking employment.

We conclude from our review of the evidence that, as a consequence of his compensable injury and preexisting disabilities, claimant is permanently incapable of performing regular gainful work. He is entitled to permanent total disability.

Reversed and remanded for an award of permanent total disability.

---

[1] ORS 656.206(1)(a) provides:

"As used in this section:

"(a) 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which the worker is able to perform after rehabilitation."