Argued and submitted December 16, 1987, affirmed on petition and on cross-petition July 20, 1988

In the Matter of the Compensation of
Ana M. Guerrero, Claimant.
GUERRERO,
*Petitioner - Cross-Respondent,*

*v.*

STAYTON CANNING COMPANY,
*Respondent - Cross-Petitioner.*

(WCB No. 85-04520; CA A42870)

757 P2d 873

Howard R. Nielsen, Portland, argued the cause and filed the brief for petitioner - cross-respondent.

Jerry K. Brown, McMinnville, argued the cause for respondent - cross-petitioner. With him on the brief was Cummins, Cummins, Brown, Goodman & Fish, P.C., McMinnville.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Claimant seeks review of a Workers' Compensation Board order insofar as it held that employer's partial denial on March 20, 1985, was applicable to medical care that she received after July 26, 1985. Employer cross-petitions for review, asserting that the Board erred in ruling that the denial was not effective on March 20, 1985. We affirm on the petition and on the cross-petition.

Claimant suffered a compensable injury to her back, hip, neck and shoulder on August 8, 1984, when she fell on the job. She continued to work until September 5, 1984, when Dr. Webb, her treating chiropractor, took her off work. Employer accepted her claim as disabling. Webb was also treating her for a compensable low back injury which she had suffered in August, 1980. Claimant continued to receive chiropractic treatments from Webb at least weekly. In March, 1985, a panel of independent medical examiners found no evidence of any diagnosable condition which it could attribute to the August, 1984, injury, concluded that claimant could be considered medically stationary with no residual impairment or work restrictions and advised that continuing chiropractic treatment was contraindicated. After receiving the report, employer, on March 20, 1985, issued a denial of further chiropractic treatments on the basis that treatments were not necessary or reasonably related to the August, 1984, injury. As of March 20, 1985, it ceased paying time loss and medical benefits. Thereafter, it did not issue any other denial of compensation for medical treatment.

On July 26, 1985, employer issued a notice of claim closure and referred the claim to the Evaluation Division. ORS 656.268(3). In August, 1985, claimant was examined by independent chiropractic consultants who considered her medically stationary without any residual impairment attributable to the August, 1984, injury and stated that no additional care was necessary. On September 11, 1985, the Division issued a determination order that did not award permanent disability. Claimant continued to complain of back pain and stiffness and continued to receive treatments once or twice a week from Webb.

The referee held that claimant's chiropractic treatments were not necessary or reasonably attributable to her

August, 1984, injury and upheld employer's March 20, 1985, denial, effective as of that date. The Board agreed with the referee but held that the denial was premature under *Roller v. Weyerhaeuser Co.*, 67 Or App 583, 679 P2d 341, *on reconsideration* 68 Or App 743, 683 P2d 554, *rev den* 297 Or 601 (1984), and *Safstrom v. Riedel International, Inc.*, 65 Or App 728, 672 P2d 392, *rev den* 297 Or 124 (1983).

■ On the petition, claimant assigns as error that the Board, after ruling that the 1985 partial denial was premature, treated that denial as effective after the notice of closure on July 26, 1985. She argues that because, as the Board ruled, the denial was untimely, it was a nullity and the Board could not give any effect to it or rule on the merits. According to claimant, the Board's action rewarded employer for its improper processing of the claim and prevented her from receiving a determination on the merits of a "de facto" denial which, she asserts, employer never made.

The Board did not err in holding that employer's 1985 denial, although premature when issued, was effective after the notice of closure on July 26, 1985. Claimant refers us to no statute, rule or case law to support her argument that the Board lacked authority to decide the issue of compensability as if employer had denied her claim for medical treatment after the notice of closure. She has also failed to show how her right to a determination of the compensability of her claim was prejudiced. She asked for and received a full hearing on the compensabality of the chiropractic treatments received after March 20, 1985, including treatments received after the notice of closure. In fact, claimant does not challenge here the Board's ruling that the chiropractic treatments after July 26, 1985, were not compensable. We conclude that, in these circumstances, the Board had authority to consider that the 1985 denial was effective after the notice of closure.

■ On the cross-petition, employer argues that, because there was "over-whelming evidence that the ongoing [chiropractic] manipulations were not related to any condition resulting from Claimant's industrial injury," it should be able to issue a denial and stop payment for medical care, while it continued to process the claim for closure. We disagree. An employer may not issue a partial denial of a previously accepted inseparable condition while the claim is still open.

*Roller v. Weyerhauser Co., supra; Safstrom v. Riedel International, Inc., supra.*

Affirmed on petition and on cross-petition.