Argued and submitted February 1, remanded for award of benefits; otherwise affirmed August 10, reconsideration denied September 23, petition for review denied November 1, 1988 (307 Or 101)

In the Matter of the Compensation of
Edward T. Crumley, Claimant.

CRUMLEY,
*Petitioner,*

*v.*

COMBUSTION ENGINEERING et al,
*Respondents.*

(WCB 85-12902; CA A44774)

758 P2d 878

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Mildred J. Carmack, Portland, argued the cause for respondents. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming a determination of the referee that he is not entitled to an award of permanent total disability and that employer is entitled to an offset of benefits for temporary total disability paid during the time when claimant was receiving union disability retirement benefits.

Claimant suffered a serious compensable back injury in 1979. His back condition did not improve, despite various therapies and limitations on lifting. In March, 1981, after making several attempts to return to work, he began receiving union "disability retirement" benefits. In order to be eligible for those benefits, he had to establish to the satisfaction of the union that he was permanently and totally disabled. In April, 1981, the Evaluation Division issued a determination order awarding 40 percent permanent partial disability and temporary total disability through February 19, 1981. In September, claimant and employer agreed to an additional 52.875 percent, for a total award of 92.875 percent permanent partial disability.

Claimant's condition deteriorated, and in January, 1983, his treating physician reported that he was significantly worse and unemployable. Employer reopened the claim and began paying benefits for temporary total disability. Claimant underwent a fusion in May, 1983. He got little relief from that surgery and believes that his back condition has continued to deteriorate. In September, 1985, employer terminated benefits for temporary total disability on the ground that claimant had retired in March, 1981. *See Cutright v. Weyerhaeuser,* 299 Or 290, 720 P2d 403 (1985); *Karr v. SAIF,* 79 Or App 250, 719 P2d 35, *rev den* 301 Or 765 (1986). In January, 1986, the Evaluation Division issued a determination order that did not award any additional disability benefits as a consequence of the January, 1983, reopening. Claimant requested a hearing.

At the hearing, claimant challenged employer's termination of temporary total disability benefits, asserting that he had not voluntarily retired, and sought additional benefits for permanent partial disability or permanent total disability. Employer sought authorization to offset temporary total disability benefits paid from the time when the claim was reopened in January, 1983, to September, 1985, when

employer terminated payment of temporary total disability benefits, against any additional permanent disability award. Employer stipulated at the hearing that claimant is presently permanently and totally disabled.

The Board, in adopting the referee's opinion, awarded an additional 7.125 percent permanent partial disability, for a total award of 100 percent. It determined, however, that claimant had retired in March, 1981, and that he therefore was not entitled to benefits for temporary total disability when the claim was reopened. The Board authorized employer to offset the resulting overpayment against the additional permanent disability award.

Claimant contends, first, that he has not left the labor force, because the union benefits that he receives are for disability, not retirement. On *de novo* review, we find that claimant is retired and that the benefits he is receiving from his union are retirement benefits, although they are available only to those who retire because of total disability.

Claimant asserts that his withdrawal from the labor force should not preclude an award of temporary total disability, because it was involuntary, as a result of his work-related disability. As we held in *Karr v. SAIF, supra,* a claimant who withdraws from the work force is not entitled to benefits for temporary total disability. It matters not that the reason for the retirement is a work-related disability. Temporary total disability benefits are awarded for lost wages. *Cutright v. Weyerhaeuser, supra;* ORS 656.210(1). A person who has retired, as a result of his injury or for any reason, has not lost wages. *Karr v. SAIF, supra.* We affirm the Board's determination that claimant was not entitled to benefits for temporary total disability after he retired and that employer is entitled to an offset for benefits paid after the claim was reopened in January, 1983.

The referee found, on the basis of the purported effect of the 1981 stipulated award of 92.875 percent permanent partial disability and employer's stipulation at the hearing that claimant is presently permanently and totally disabled, that he has experienced a worsening since the last award of compensation and that he therefore has sustained an aggravation so as to qualify for additional benefits under ORS 656.273.

Employer argues that the referee incorrectly treated the 1981 stipulation as having determined, as a matter of fact, that claimant was only 92.875 percent disabled at the time of the stipulation. Employer asserts that the stipulation was only a compromise award of compensation and did not constitute an agreement as to the actual level of claimant's disability. It contends that the evidence shows that, in fact, claimant was permanently and totally disabled at the time of the stipulation and that his condition therefore has not compensably worsened since that time so as to entitle him to additional benefits under ORS 656.273.

■ ■ We hold that the 1981 stipulation constituted an agreement as to the extent of claimant's disability. Having agreed in 1981 that he was only 92.875 percent disabled, employer cannot now assert that he was totally disabled at that time. The evidence shows that his condition has worsened since 1981. Employer agrees that he is now totally disabled. We affirm the Board's determination that he is, in fact, permanently and totally disabled.

The Board, in affirming the referee, apparently concluded that, although claimant had sustained an aggravation and is permanently and totally disabled, his withdrawal from the labor market precluded, as a matter of law, a determination that he was entitled to benefits for permanent and total disability. Instead, it awarded additional benefits to equal 100 percent permanent partial disability. Although a retired worker cannot experience any time loss and is not, for that reason, entitled to benefits for temporary total disability, *Cutright v. Weyerhaeuser, supra,* 299 Or at 302, the referee concluded, and the parties do not dispute, that a retired worker can obtain benefits for increased permanent partial disability related to a compensable injury. The question remains whether retirement precludes the worker from recovering benefits for permanent total disability.

In *Cutright v. Weyerhaeuser, supra,* the Supreme Court stated that the fact that the calculation of benefits for temporary total disability is based on a percentage of wages, ORS 656.210(1), indicates that the legislature intended that benefits for temporary total disability be wage replacement. That is shown, additionally, the court reasoned, by ORS

656.325, which requires an employer to cease paying temporary total disability when the injured worker refuses wage earning employment. The court stated that a person who is retired is like a person who refuses wage earning employment. The court reasoned that temporary disability benefits are maintenance benefits intended to provide support and to help replace lost income during the healing or recovery process. A person who is not working cannot lose earnings. The court held, therefore, that a person who has retired from the labor market cannot qualify for temporary total disability benefits.[1]

There is language in *Cutright v. Weyerhaeuser, supra,* which suggests that the court would use the same analysis to reach the conclusion that benefits for permanent total disability are not available to retired workers. The court noted that, like temporary total disability, benefits for permanent total disability are calculated on a percentage of wages. Like the person seeking temporary benefits, a person seeking benefits for permanent total disability must demonstrate a willingness to seek work. ORS 656.206(3).

■ ■ There are distinctions, however, which we conclude lead to a different result. We have held, for example, that when the evidence shows that the claimant is completely incapacitated from a physical standpoint, he need not demonstrate an effort to become employed. *See Brech v. SAIF,* 72 Or App 388, 695 P2d 964 (1985). An award of *permanent* disability benefits, unlike an award of *temporary* benefits, anticipates that the disability will be permanent, and therefore cannot be considered merely as the replacement of lost income during the healing process. A person who becomes medically stationary at a level of permanent total disability is not expected to return to the job market. Benefits for permanent total disability continue after ordinary retirement age, indicating that they are not awarded only as wage replacement. The fact that the formula for calculating benefits is based on a percentage of wages does not convince us that wage replacement is the only objective of permanent total disability compensation. We do not understand that a person who retires

---

[1] We are, of course, bound by the Supreme Court's holding that benefits for temporary total disability are not available to a retired worker. We note, however, that the language of ORS 656.210(2) suggests that the legislature contemplated that there would be occasions when a worker who is not "available" for work would be eligible for benefits.

and then becomes totally disabled as a result of a compensable condition should not be compensated the same as a person who becomes totally disabled and then retires. We find that claimant is totally disabled from a physical standpoint and hold that he is entitled to benefits for permanent total disability.

Remanded for an award of permanent total disability benefits; otherwise affirmed.