Argued and submitted February 1, the decisions of the Court of Appeals and Workers' Compensation Board reversed and remanded to the board for further proceedings February 14, 1989

In the Matter of the Compensation of
John L. Katzenbach, Claimant.

BOISE CASCADE CORPORATION,
*Petitioner of Review,*

*v.*

KATZENBACH,
*Respondent on Review.*

(WCB 85-14924; CA A46766; SC S35641)

768 P2d 395

H. Scott Plouse, Medford, argued the cause and filed the petition on behalf of the petitioner on review. With him on the petition was Cowling & Heysell, Medford.

Robert L. Chapman, Medford, argued the cause on behalf of the respondent on review.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Gillette and Fadeley, Justices.

PER CURIAM

## PER CURIAM

This is a Workers' Compensation case. Petitioner Boise Cascade Company (the employer) seeks review of a decision of the Court of Appeals affirming without opinion a decision of the Workers' Compensation Board (the Board), holding that employer's denial of a claim by claimant Katzenbach (the claimant) was premature. For the reasons hereafter stated, we reverse the decision of the Court of Appeals and remand the case to the Board.

The procedural history of the case is important. The claimant suffered a non-disabling on-the-job injury that was diagnosed as "right wrist tendonitis." The employer accepted the claim for that injury and paid benefits in the form of medical services. Later, after reporting swelling in his right forearm, the claimant was diagnosed as having an avascular necrosis on the lunate bone of his right wrist. The employer then denied further medical services on the ground that, while the claimant was seeking treatment for symptoms that were the same or similar to those associated with his compensable injury, his present symptoms were not related to the compensable injury.

The claimant sought a hearing. The referee denied that claim, but did so on the basis that he could not be sure that the original (accepted) injury had actually occurred. Because the claimant's theory of the etiology of the avascular necrosis was based on the assumption that his wrist had suffered the earlier trauma, his claim failed. As the referee summarized it,

> "The 'bottom line,' as far as I am concerned, is that since the weight of the evidence does not support a conclusion that the claimant experienced a specific injurious event in June, 1985, the weight of the medical evidence does not support a conclusion that the claimant sustained an injury at work that was a material contributing cause of his lunate bone necrosis. Accordingly, [the employer's] denial must be approved."

The claimant then sought review by the Board, arguing that to defeat his necrosis claim on the basis of disbelief in the existence of an earlier, accepted injury was the functional equivalent of a "back up denial" of the kind condemned by this Court in *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027

(1983). Rather than meet the merits of this contention, however, the Board took a left turn. It held, based on its earlier decision in *Ana M. Guerrero,* 39 Van Natta 1 (1987), that "[a] partial denial of a previously accepted inseparable condition, issued while the claim is in open status, is not permissible." (Citations omitted.) Thus, it ruled, the employer's denial of responsibility for the avascular lunate necrosis would have to wait until the status of the claim changed. On that basis, it held that the claimant was entitled to benefits.

The employer then sought review in the Court of Appeals, which had in the meantime affirmed the Board's *Guerrero* doctrine, holding that "[a]n employer may not issue a partial denial of a previously accepted inseparable condition while the claim is still open." *Guerrero v. Stayton Canning Co.,* 92 Or App 209, 212, 757 P2d 873 (1988). As noted, the Court of Appeals affirmed the present case without opinion. *Boise Cascade Corp. v. Katzenbach,* 93 Or App 202, 761 P2d 554 (1988).

Both parties now argue to us — and we agree — that the *Guerrero* doctrine, whatever its merits,[1] has nothing to do with this case. No one authorized to do so has yet found that these two conditions are "inseparable." For all that appears in this record, the fight between the parties has always been over the etiology of the necrosis condition, with the referee taking the first unexpected turn when he chose to decide as a fact that the previously accepted injury had not occurred. The claimant appealed that determination to the Board and everything went downhill from there. The Board erred in deciding this case under the *Guerrero* doctrine instead of addressing the merits of the claimant's appeal under *Bauman v. SAIF, supra; Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987); and *Georgia Pacific v. Piwowar,* 305 Or 494, 753 P2d 948 (1988). The Court of Appeals erred in affirming the Board.

The decision of the Court of Appeals is reversed. The decision of the Workers' Compensation Board is reversed. The case is remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.

---

[1] Both parties are clear as to the merits of the *Guerrero* doctrine — they agree that it has none. It may be that, if the merits of the doctrine ever are before us, someone can offer a justification for it that thus far has escaped both counsel.