Argued and submitted September 19, affirmed November 8, 1989

In the Matter of the Compensation of
Woodie R. Striplin, Claimant.

EVANITE FIBER CORPORATION et al,
*Petitioners,*

*v.*

STRIPLIN,
*Respondent.*

(WCB 87-12406; CA A51263)

781 P2d 1262

Jenny A. Ogawa, Salem, argued the cause for petitioners. With her on the brief was Kevin L. Mannix, P.C., Salem.

Kathryn Ricciardelli, Salem, argued the cause for respondent. With her on the brief were Randy M. Elmer and Vick & Gutzler, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

**GRABER, P. J.**

Employer seeks review in this workers' compensation case. We review for substantial evidence and errors of law, ORS 656.298(6), and affirm.

Claimant sustained a low back injury on December 8, 1984, while working as a paper machine operator. He sought treatment from a chiropractor, who diagnosed a lumbosacral sprain and found that claimant had a preexisting mild to moderate degenerative condition. In January, 1985, employer accepted the claim as a disabling injury. Claimant complained of various mild recurrences and experienced two episodes of increased severe low back pain in June and July, 1985, each of which resulted in time loss. He continued chiropractic treatments. They gradually decreased from five times per week immediately after the injury to one to three times per week, until claimant went without treatments for a one-month period in June and July, 1987.

On July 28, 1987, employer's insurance carrier sent claimant a letter that denied

> "all further chiropractic care in that it is not reasonable, necessary, or attributable to our industrial injury of December 8, 1984. All chiropractic care obtained prior to this date will be paid for. However[,] we will not make payments for any chiropractic care past this date."

Claimant requested a hearing. The referee set aside the denial in December, 1987, finding that

> "[c]laimant has met his burden of proving that continued chiropractic treatment is reasonable and necessary and related to the industrial injury."

In July, 1988, a determination order closed the claim and awarded claimant four percent unscheduled permanent partial disability.

Employer sought review of the referee's order. The Board affirmed, but for a different reason. It concluded:

> "The employer argues that claimant's ongoing chiropractic care is not related to his compensable 1984 injury. We have found as fact that claimant's ongoing low back symptoms are solely related to his noncompensable degenerative condition. *However, notwithstanding this finding, the employer is prohibited from issuing its partial denial so long as the accepted*

> *claim is in open status. See Guerrero v. Stayton Canning Co.,*
> 92 Or App 209, 212-13[,757 P2d 873] (1988), and cases cited
> therein. The evidence indicates that the claim was still open
> as of the date of the denial. The employer's partial denial is
> therefore procedurally improper." (Emphasis supplied.)

Employer asked the Board to reconsider its order. On reconsideration, the Board adhered to and republished its holding. It added that employer's denial was not effective even upon closure of the claim, because

> "the claim here was closed more than seven months following
> the hearing. Consequently, claimant did not have an oppor-
> tunity to litigate the compensability of his post-closure treat-
> ments."

Employer petitions for review, assigning as error that the Board "decid[ed] the case on procedural grounds instead of deciding the merits of the [employer's] denial." Citing *Boise Cascade Corp. v. Katzenbach,* 307 Or 391, 768 P2d 395 (1989), employer argues that the Board erred in relying on *Guerrero v. Stayton Canning Co.,* 92 Or App 209, 757 P2d 873 (1988).[1] Employer asserts that its "partial denial" was proper, because the denied condition was separable from the accepted condition, and that the Board should have held in its favor on the merits.

We need not reach that argument. Both employer and the Board mischaracterize what happened as a "partial denial." A partial denial occurs "when a claimant makes a single claim encompassing two separate injuries or conditions, * * * [and the employer] partially den[ies] that claim by specifically denying one injury or condition while accepting the other." *Johnson v. Spectra Physics,* 303 Or 49, 58, 733 P2d 1367 (1987). In this case, employer did not specifically deny *any* injury or condition. Rather, it denied "all future chiropractic care" on the basis that the care would not relate to the previously accepted claim.

■       That denial was improper for reasons that the Board did not address. An employer has authority to deny a *current* claimed need for medical services, or specific claims as the

---

[1] In *Guerrero,* we held that "[a]n employer may not issue a partial denial of a previously accepted inseparable condition while the claim is still open." 92 Or App at 212.

claimant presents them, if the medical services are not reasonable and necessary and attributable to the compensable injury. ORS 656.245(1); *Stratis v. Georgia-Pacific Corp.,* 94 Or App 781, 767 P2d 934, *on reconsideration* 96 Or App 706, 710, 773 P2d 821, *rev den* 308 Or 331 (1989); *Ellis v. McCall Insulation,* 93 Or App 188, 190, 761 P2d 6 (1988), *aff'd* 308 Or 74, 775 P2d 316 (1989); *see also* ORS 656.313(3). However, an employer may not deny its *future* responsibility for payment of benefits relating to a previously accepted claim, unless it follows the statutory procedure for claim closure. *Webb v. SAIF,* 83 Or App 386, 731 P2d 1054 (1987); *Roller v. Weyerhaeuser Co.,* 67 Or App 583, 679 P2d 341, *on reconsideration* 68 Or App 743, 683 P2d 554, *rev den* 297 Or 601 (1984).[2] Employer here tried to deny the claim prospectively, because it denied future medical benefits, not just a separate, noncompensable condition.

■ Even after claim closure, an employer cannot deny its future responsibility for payment of medical services for a previously accepted claim. ORS 656.245(1); *Bowser v. Evans Product Company,* 270 Or 841, 530 P2d 44 (1974); *Wait v. Montgomery Ward, Inc.,* 10 Or App 333, 338, 499 P2d 1340, *rev den* (1972). Therefore, the Board also reached the right result when it held on reconsideration that employer's denial remained ineffective after closure of the claim. We affirm the Board's order on review and its order on reconsideration, because employer issued an improper prospective denial.[3]

Affirmed.

---

[2] *Compare Chaffee v. Nolt,* 94 Or App 83, 764 P2d 600 (1988), in which we held that the Board properly concluded that the claim was not compensable, even though the employer had issued an improper prospective denial. We reasoned that the employer had closed the claim "immediately after the issuance of the denial," so its conduct was neither unreasonable nor designed to shortcut the process of claim closure. 94 Or App at 85. Here, in contrast, the claim was not closed until the determination order of July 14, 1988, nearly a year after employer issued its denial.

[3] Employer's other arguments require no discussion.