Argued and submitted July 18, affirmed December 19, 1990, reconsideration denied February 20, petition for review denied April 2, 1991 (311 Or 261)

In the Matter of the Compensation of
John L. Katzenbach, Claimant.

## BOISE CASCADE CORPORATION,
*Petitioner,*

*v.*

## John L. KATZENBACH,
*Respondent.*

(85-14924; CA A62304 (Control), A62560)
(Cases Consolidated)

802 P2d 709

H. Scott Plouse, Medford, argued the cause and filed the brief for petitioner.

Robert L. Chapman, Medford, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Warren, P. J., dissenting.

## RIGGS, J.

Employer seeks review of an order of the Workers' Compensation Board on remand from the Supreme Court. *Boise Cascade Corp. v. Katzenbach,* 307 Or 391, 768 P2d 395 (1989). We review for substantial evidence and errors of law and affirm. *Armstrong v. Asten-Hill,* 90 Or App 200, 752 P2d 312 (1988).

Claimant was working on a green chain in June, 1985, when he suffered a nondisabling injury that was diagnosed as right wrist tendonitis. Employer accepted the claim, described on the notice of injury form as "right wrist strain." Claimant continued to have pain in his right wrist. Four months after the first report of injury, claimant's condition was diagnosed as avascular necrosis. Employer denied compensability of that condition, and claimant sought Board review of the denial.

The referee approved employer's denial of compensation for avascular necrosis; the Board reversed. Employer sought review, and we affirmed the Board's holding that the claim was compensable. The Supreme Court accepted review and remanded to the Board for it to consider whether employer's denial was the equivalent of a back up denial under *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), *Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1376 (1987), and *Georgia Pacific v. Piwowar,* 305 Or 494, 753 P2d 948 (1988). On remand, the Board concluded that the wrist strain and the avascular necrosis are two separate conditions and that *Bauman* and its progeny do not preclude denial of the necrosis claim after acceptance of the claim for wrist strain.

The Board then considered the compensability of the necrosis condition. The medical evidence was that necrosis is ordinarily caused by a traumatic injury. The Board determined that, because employer had accepted the wrist strain condition, it also had accepted the fact that an injury had occurred. It proceeded to decide only whether the accepted strain injury was the kind of occurrence that could cause necrosis.

Employer makes two assignments of error. First, it asserts that the Board erred in holding that acceptance of an occupational injury necessarily implies the acceptance of a specific traumatic incident. Second, it argues that, if the

Board's order is viewed as containing a finding that there was a specific traumatic incident, the finding is not supported by substantial evidence. Claimant responds, first, by arguing that, under *Georgia Pacific v. Piwowar, supra,* employer cannot deny the claim for necrosis, because it accepted the claim for wrist strain. Under *Bauman v. SAIF, supra,* he argues, employer cannot now argue that no injury in fact occurred. He further argues that there is substantial evidence to support the Board's finding that there was a work-related traumatic injury that was a material contributing cause of the condition.

The Board found that wrist strain and avascular necrosis are separate conditions. There is no challenge to that finding. Accordingly, claimant's reliance on *Georgia-Pacific v. Piwowar, supra,* is misplaced. The rule of *Piwowar* is that an employer who accepts compensability of a condition cannot deny compensability of the disease that causes that condition. Here, the strain and the necrosis are separate conditions. Employer's acceptance of the strain is not an acceptance of a claim for avascular necrosis.

■ Employer argues that the Board erred in failing to consider whether there actually was an injury. The Board stated:

> "In our view, the issue of whether claimant sustained an 'injury' was not before the Referee. That narrow factual question had been finally determined by the insurer's initial acceptance. * * * It is beyond dispute that the insurer accepted an 'injury' that occurred on 'June 11, 1985.' *Id.* If the insurer wished to litigate whether claimant, in fact, sustained an injury, it should have done so. It did not. We will not do indirectly, what the insurer declined to do directly.
>
> "In short, we conclude that the rule in *Bauman* narrowly operates to procedurally bar the insurer from retroactively denying its acceptance of an 'injury.' "

Claimant argues, in effect, that employer's acceptance of the wrist strain includes acceptance that there was a work-related injury. Therefore, he asserts, it cannot deny that a work-related injury in fact occurred that caused the separate condition, necrosis.

We agree. By accepting claimant's June 11, 1985, right wrist injury claim, employer necessarily agreed that a

traumatic event had happened. Employer cannot now challenge whether, in fact, an injury occurred. *See Crumley v. Combustion Engineering,* 92 Or App 439, 443, 758 P2d 878, *rev den* 307 Or 101 (1988). Consequently, when we turn to employer's second assignment of error, we conclude that there is substantial evidence to support the Board's finding that the June, 1985, traumatic injury is a material contributing cause of claimant's avascular necrosis.

Affirmed.

**WARREN, J.,** dissenting.

I agree with the majority that employer's acceptance of the wrist strain was not acceptance of a claim for avascular necrosis. *Georgia Pacific v. Piwowar,* 305 Or 494, 753 P2d 948 (1988). The claim could be and was denied, and claimant had the burden to prove its compensability. He presented no evidence that a discrete traumatic event caused the necrosis.

His theory is that, because employer accepted the wrist strain, it cannot deny that there was a work-related injury. That far, he is correct. He also appears to contend, however, that, because there was an injury, there was a trauma as a matter of law. In that, he is mistaken. Although he is correct that employer cannot deny that there was an injury, that does not resolve the question of whether the injury was traumatic or, if it was, whether the trauma caused the necrosis condition.

The majority erroneously characterizes employer's acceptance of the wrist strain as an agreement "that a traumatic event had happened." 104 Or App at 735-36. Employer's acceptance of the strain condition is only a concession that a work-related injury occurred. An injury is not *necessarily* a "traumatic event." In *Valtinson v. SAIF,* 56 Or App 184, 187, 641 P2d 598 (1982), we explained that one of the distinctions between an on-the-job injury and an occupational disease is that an injury is "sudden in onset." "Sudden in onset" is not equated with instantaneous; it may occur during a discrete period of time. 56 Or App at 188; *accord: Donald Drake Co. v. Lundmark,* 63 Or App 261, 663 P2d 1303 (1983), *rev den* 296 Or 350 (1984). By accepting a claim for a work-related *injury,* an employer does not necessarily agree that a *traumatic event* occurred.

The medical evidence is that avascular necrosis could be caused by trauma. The problem with the Board's order is that it equated the statutory term "injury" with the medical term "trauma." The Board did not decide whether the accepted injury was traumatically caused or whether, if so, trauma caused the separate necrotic condition. Those issues were not necessarily resolved by the employer's acceptance of the wrist strain. I would remand for findings on those issues.

Accordingly, I dissent.