In the Matter of the Compensation of
Laura Basl, Claimant.

## GREEN THUMB, INC.,
*Petitioner,*

*v.*

## Laura BASL,
*Respondent.*

(87-17697; CA A63841)

806 P2d 186

Margaret H. Leek Leiberan, Portland, argued the cause for petitioner. With her on the brief were Schuyler Wallace and Wallace & Klor, Portland.

Karen M. Werner, Eugene, argued the cause and filed the brief for respondent. With her on the brief were David Kryger and Emmons, Kropp, Kryger, Alexander and Egan, P.C.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board that set aside a denial on the ground that employer had improperly denied prospective medical benefits. We reverse and remand.

Claimant is a 68-year old woman with a history of low back problems. In 1975, she had fusion surgery on her lower back and received chiropractic treatments. In May, 1984, she began working for employer, and she injured her back on January 23, 1986. She filed a claim for a lower back strain on February 18, 1986. Her chiropractor diagnosed a severe lumbar sprain and treated her three times a week from January to September, 1986. The treatments were reduced to twice a week for the next year and a half, until two or three months before the hearing. At the time of the hearing in March, 1988, claimant was receiving one treatment a week.

In July, 1987, claimant was examined by another chiropractor at employer's request. That chiropractor concluded that claimant's 1986 injury was "superimposed upon previous lumbar surgery and degenerative spine" and that there were no indications of recent fracture, luxation or bony pathology. The chiropractor also found no objective indications of permanent impairment as a result of her work-connected injury. The chiropractor concluded that claimant's treatment was related to her history of lower back complaints and was unrelated to her work injury.

Relying on that examination, employer issued a denial on November 5, 1987:

> "We have carefully reviewed your claim filed for injury on January 23, 1986. After carefully reviewing new medical reports in your file, it has been determined that your *current need for treatment* is related to your longstanding past history of lower back complaints and *presently unrelated* to your industrial injury. For this reason, we must respectfully deny *your current need for chiropractic treatment.*" (Emphasis supplied.)

The record does not show that there were then any outstanding medical bills or that the claim went to closure.

After a hearing, the referee overturned the denial and held that chiropractic care was reasonable and necessary for

treating the injury. Employer then requested review by the Workers' Compensation Board, which affirmed on different grounds. It held that, because there was no evidence of outstanding unpaid billings for chiropractic treatments, employer's denial was a denial of future treatments and was therefore invalid under *Evanite Fiber Corp. v. Striplin,* 99 Or App 353, 781 P2d 1262 (1989). The Board did not reach the question of whether claimant's chiropractic treatments were reasonable and necessary for her industrial injury.

Employer contends that the Board erred in holding that a valid denial requires evidence of pending unpaid medical bills. It argues that *Evanite Fiber Corp. v. Striplin, supra,* recognizes denials for a claimant's current claimed *need,* as well as for a specific medical benefits claim. Claimant contends that employer's denial was invalid for two reasons: First, it denied ongoing medical care before claim closure; and, second, the denial was prospective, because there was no evidence of any unpaid medical bills.

■    We review for errors of law. ORS 183.482(8); ORS 656.298(6). Initially, we note that claimant's assertion that an employer cannot deny a request for ongoing care before claim closure is not correct. An employer can deny a request for payment, either because the treatment is not related to the industrial injury or because it is not reasonable and necessary. ORS 656.245(1). Claim closure is appropriate when a claimant is medically stationary, meaning that no further material improvement would reasonably be expected from medical treatment or the passage of time. ORS 656.005(17). An employer is not compelled to pay for unnecessary treatment just because the claimant has received that treatment over time and is not yet medically stationary. ORS 656.245(1); *Evanite Fiber Corp. v. Striplin, supra; Stratis v. Georgia-Pacific Corp.,* 94 Or App 781, 767 P2d 934, *on reconsideration* 96 Or App 706, 773 P2d 821, *rev den* 308 Or 331 (1989).

■    The issue is whether employer's denial is effective for a current claimed need for a particular medical treatment. In *Evanite Fiber Corp. v. Striplin, supra,* the insurer sent the claimant a letter that denied "all *further* chiropractic care in that it is not reasonable, necessary, or attributable to our industrial injury." 99 Or App at 355. (Emphasis in original.) In holding the denial invalid, we said:

"An employer has authority to deny a *current claimed need for medical services, or specific claims* as the claimant presents them, if the medical services are not reasonable and necessary and attributable to the compensable injury. * * * However, an employer may not deny its *future responsibility for payment of benefits* relating to a previously accepted claim, unless it follows the statutory procedure for claim closure." (Emphasis supplied.) 99 Or App at 356.

The denial in this case is not a prospective denial; it denies a *current need* for chiropractic treatment, without precluding benefits for any *future need.* Once a claimant's current need has been denied, the claimant is barred only from reimbursement for that particular service. However, the claimant could make a later claim for medical services of the same kind, if the condition has changed and the request is supported by new facts that could not have been discovered earlier. *Liberty Northwest Ins. Corp. v. Bird,* 99 Or App 560, 564, 783 P2d 33 (1989); *Argonaut Ins. Co. v. Rush,* 98 Or App 730, 780 P2d 748 (1989). The claimant may also seek additional services to treat the compensable injury.

The distinction between *Evanite Fiber Corp. v. Striplin, supra,* and this case is narrow: *Evanite* denied "all *further* chiropractic care" (emphasis supplied); in this case employer denied that there was a *"current* need for chiropractic care." (Emphasis supplied). *Evanite* allows denials for specific unpaid services *or* for a current claimed need. Because the denial in this case denied benefits for a "current need" and does not preclude future benefits, we hold that the denial is not impermissibly prospective.

On remand, the Board must determine whether claimant's claimed need for chiropractic care is reasonable and necessary.

Reversed and remanded.