Argued and submitted May 29, reversed and remanded for reconsideration
September 4, 1991

In the Matter of the Compensation of
Linda J. Hasslen, Claimant.

BOISE CASCADE CORPORATION,
*Petitioner,*

*v.*

Linda J. HASSLEN,
*Respondent.*

(WCB 88-20402; CA A65824)

816 P2d 1181

Adam T. Stamper, Medford, argued the cause for petitioner. With him on the brief were Kimberly D. Wallan and Cowling & Heysell, Medford.

Robert Wollheim, Portland, argued the cause for respondent. With him on the brief was Welch, Bruun & Green, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order that set aside two denials on the ground that employer had improperly denied prospective medical benefits. We reverse and remand.

Claimant worked for employer as a green chain off-bearer. She filed a claim for low back pain, which employer accepted and for which she received an award of ten percent unscheduled permanent partial disability. Claimant continued to receive treatment for her low back condition and submitted medical bills for payment by employer. Employer paid those bills until October 25, 1988, when employer issued a denial:

> "Medical investigation has resulted in a determination that your *current condition requiring medical treatment is unrelated* to the acute lumbar strain sustained for which Boise Cascade Corporation accepted responsibility. * * * Medical treatment for your *current condition* should more appropriately be provided under any group health insurance you may have." (Emphasis supplied.)

On November 15, 1988, employer issued a second denial:

> "The employer must respectfully deny responsibility for your *current treatment needs* and/or *any disability as compensably related to this injury* or your work activity at the employer." (Emphasis supplied.)

Claimant requested a hearing.

The referee set aside the denials, finding that the medical services were reasonable and necessary for treatment of claimant's industrial injury. Employer requested review, and the Board affirmed the referee, holding that, because the denials were not addressed to specific medical services rendered or claimed, they were prospective and therefore invalid under *Evanite Fiber Corp. v. Striplin,* 99 Or App 353, 781 P2d 1262 (1989). The Board did not reach the question whether the claimed medical services were reasonable and necessary to treat claimant's industrial injury.

■■ The only question that we need address is whether employer's denials were procedurally adequate.[1] We have

---

[1] If the denials are procedurally adequate, the Board must consider whether the

held that an employer can issue a denial either for a specific unpaid claim or for a current claimed need for treatment. *Green Thumb, Inc. v. Basl,* 106 Or App 98, 806 P2d 186 (1991). However, an employer may not deny its future responsibility relating to an accepted claim. The first denial in this case, issued on October 25, asserts that claimant's "current condition" is unrelated to her industrial injury. That was a valid denial under *Green Thumb, Inc. v. Basl, supra.* Claimant would not be precluded by its terms from filing a claim for medical treatment in the future, if her condition should warrant it. *See e.g., Liberty Northwest Ins. Corp. v. Bird,* 99 Or App 560, 564, 783 P2d 33 (1989), *rev den* 309 Or 645 (1990). The Board erred in holding that that denial was prospective.

■     The November 15 denial presents a more difficult question. Employer sought to deny claimant's "current treatment needs." That is proper under *Evanite Fiber Corp. v. Striplin, supra.* However, employer also denied responsibility for "any disability as compensably related to this injury." That portion of the denial is prospective, because it attempts to deny benefits for any disability resulting from the injury that gave rise to the accepted claim. Accordingly, it is invalid and of no effect.

As to the valid portions of the denials, the case is remanded to the Board for it to consider whether the requested medical services are reasonable and necessary to treat claimant's compensable industrial injury.

Reversed and remanded for reconsideration of current treatment needs.

---

medical services are reasonable and necessary to treat the claimant's compensable injury.