Argued and submitted June 3, affirmed December 11, 1991

In the Matter of the Compensation of
Gordon N. Story, Claimant.

Gordon N. STORY,
*Petitioner,*

*v.*

ASTORIA PLYWOOD CORPORATION
and Lumbermen's Underwriting Alliance,
*Respondents.*

(89-04841; CA A67264)

821 P2d 1123

Jan H. Faber, Astoria, argued the cause for petitioner. On the brief were H. Patrick Lavis, Martin L. Alvey and Patrick Lavis, P.C., Astoria.

Eric R. Miller, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

### JOSEPH, C. J.

Claimant seeks review of an order of the Workers' Compensation Board that affirmed the referee and denied his claim for compensation. We affirm.

The Board made findings that are supported by substantial evidence. Claimant has long had deep vein vascular incompetency in both legs that caused swelling, episodic ulcers and stasis pigmentation. He was hospitalized in 1987 for treatment of the vascular condition. On September 19, 1988, he injured his right ankle at work when he dropped a 2 × 4 on it. The ankle swelled and ulcerated. Employer accepted the claim as a disabling injury. Subsequently, two doctors reported that the ulcer had healed and that any swelling in the ankle had returned to pre-injury status. On March 1, 1989, while the claim was open, employer sent claimant a letter that said, in part:

> "[W]e have received medical information indicating that your current diagnosis is bi-lateral [*sic*] deep vein valvular [*sic*] incompetence. * * * It is our position that further responsibility for time loss benefits and medical care and treatment associated with this pre-existing condition is denied. Unless you can show that the need for treatment currently is due to the contusion to your right ankle, all further Workers' Compensation benefits are denied."

On April 7, a determination order closed the claim and awarded time loss but no permanent disability.

The Board found that claimant's chronic deep vein vascular condition is separate from the injury. It concluded that claimant failed to prove that the injury was a material contributing cause of that condition.

■    Claimant assigns as error that the Board applied the rule in *Guerrero v. Stayton Canning Co.*, 92 Or App 209, 212, 757 P2d 873 (1988), that, under certain circumstances, an employer may deny responsibility for a condition that it believes is noncompensable while a claim for a compensable condition is still open. 92 Or App at 212. The Board did not err. It found that the vascular condition and the ankle injury were separate conditions and held that employer could deny compensation for the vascular condition, even though the ankle injury claim had not been closed. That is correct.

■ Claimant also assigns as error that the Board required him to prove a worsening of the underlying vascular condition. He notes that employer stated in the denial letter that it had "accept[ed] the incident of September 19, 1988, as a temporary exacerbation of your previous deep vein valvular [*sic*] incompetence." He asserts that he proved that the injury made the condition more symptomatic and that, therefore, the vascular condition itself is compensable. However, even if the injury made the condition more symptomatic, there was substantial evidence that any symptoms attributable to the injury itself had ceased and that the vascular condition had returned to its pre-injury status. Claimant failed to prove that the vascular condition has worsened. *See Weller v. Union Carbide*, 288 Or 27, 602 P2d 259 (1979).

Affirmed.