Argued and submitted November 23, 1992, affirmed February 24, 1993

In the Matter of the Compensation of
Kenneth A. Tattoo, Claimant.

Kenneth A. TATTOO,
*Petitioner,*

*v.*

BARRETT BUSINESS SERVICE,
*Respondent.*

(WCB 90-08503; CA A74765)

847 P2d 872

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun & Green, Portland.

Jaurene R. Judy, Portland, argued the cause for respondent. With her on the brief were Scott H. Terrall and Terrall & Associates, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

### EDMONDS, J.

Claimant seeks review of an order of the Workers' Compensation Board that set aside the referee's award of attorney fees and a penalty, that reinstated and upheld employer's denials of temporary total disability and of chiropractic treatment, and that reversed the referee's award of unscheduled permanent disability. We affirm.

The Board found that claimant injured his lower back on August 1, 1989. He filed a claim for a lumbosacral sprain, which employer accepted. After months of chiropractic therapy failed to relieve claimant's back pain, his treating physician performed an MRI test. The test revealed abnormalities that preexisted claimant's industrial injury.

On April 3, 1990, employer issued this denial:

"Studies * * * indicate that you are suffering from a spleen condition which is not causally related to your industrial injury on August 1, 1989 * * *. Those studies also indicate that you do not have discitis or osteomyelitis, which are conditions that also would be unrelated * * *.

"Therefore, * * * [we] must respectfully deny your request for temporary total disability as your condition for which you may be disabled is not causally related to your industrial injury * * *.

"We will continue to monitor your claim relating to the accepted lumbosacral strain for benefits due."

Claimant requested a hearing on that denial on April 18, 1990.

On May 30, 1990, employer denied claimant's request for payment of chiropractic care:

"Medical information received to date indicates that current chiropractic care is not reasonable and necessary, and does not result from the August 1, 1989 lumbosacral strain injury * * *. Therefore, [we] must respectfully deny current chiropractic care."

Claimant supplemented his earlier hearing request to also challenge this denial.

On July 5, 1990, a determination order awarded claimant temporary disability benefits through February 19, 1990, and 8 percent unscheduled permanent disability.

Employer's request for reconsideration of that determination order was denied, because claimant's request for hearing on the denial of chiropractic treatment was pending. Claimant requested a hearing seeking permanent partial disability benefits in addition to those awarded by the determination order. Employer mailed its cross request for a hearing on the determination order on Friday, August 3, 1990. The request was received by the Board on Monday, August 6, 1990. The hearing was held on October 22, 1990, and the record was closed on December 7, 1990.

■ First, claimant argues that the Board erred when it applied the 1990 amendments to the Workers' Compensation Act to the issue regarding employer's denial of chiropractic treatment, because claimant requested a hearing in April, 1990, and the amendments did not become effective until July 1, 1990. However, the amendments provide that the former law is not applicable unless a request for hearing was made before May 1, 1990, *and* the hearing convened before July 1, 1990.[1] *See Astoria Plywood v. Culp*, 115 Or App 737, 840 P2d 99 (1992). The hearing in this case was convened on October 22, 1990. The Board properly applied the 1990 amendments.

■ Second, claimant argues that the May denial of chiropractic care was impermissibly prospective. *See Evanite Fiber Corp. v. Striplin*, 99 Or App 353, 781 P2d 1262 (1989). The Board ruled that employer's denial was not prospective. The denial is for "current chiropractic care." However, claimant points to testimony at the hearing by employer's claims examiner in which she said that she meant the denial to cover past treatment and treatment into the future and that she did not believe it would be necessary to issue subsequent denials for future treatment.

We hold that employers are bound by the express language of their denials and the testimony of the claims

---

[1] Oregon Laws 1990 (Special Session), chapter 2, section 54 provides:

"(1) [T]his 1990 Act applies to all claims existing or arising on and after July 1, 1990, regardless of the date of injury * * *.

"(2) Any matter regarding a claim which is in litigation * * *, and regarding which matter a request for hearing was filed *before* May 1, 1990 *and* a hearing was convened *before* July 1, 1990, shall be determined pursuant to the law in effect before July 1, 1990." (Emphasis supplied.)

examiner here is irrelevant. Our previous decisions about whether a denial is prospective in nature are consistent with this proposition. *See Boise Cascade Corp. v. Hasslen*, 108 Or App 605, 816 P2d 1181 (1991); *Green Thumb, Inc. v. Basl*, 106 Or App 98, 806 P2d 186 (1991); *Evanite Fiber Corp. v. Striplin, supra*. If we were to hold to the contrary, an employer could change what it had expressly said in a denial to the detriment of all parties who have relied on the language. The Board did not err.

Third, claimant argues that the Board erred when it held that employer's failure to pay the temporary disability benefits within 30 days of the determination order was not unreasonable. Claimant seeks a penalty and/or award of attorney fees under ORS 656.210(10)(a) or ORS 656.382(1). The Board held that, because the 30th day from July 5, 1990, was August 4, 1990, and employer had mailed its request for hearing on Friday, August 3, 1990, it was reasonable for employer to believe that it had properly appealed the determination order and that it was not required to pay the benefits that had been ordered.

Before the 1990 amendments to the Workers' Compensation Law, ORS 656.313(1), the filing of an appeal did not stay payment of compensation. ORS 656.313(1)(a) now provides, in part:

"Filing by an employer or the insurer of a request for hearing on a reconsideration order or a request for board review or court appeal stays payment of the compensation appealed except for:

"(A) Temporary disability benefits that accrue from the date of the order appealed from until closure under ORS 656.268, or until the order appealed from is itself reversed, whichever event first occurs; and

"(B) Permanent total disability benefits that accrue from the date of the order appealed from until the order appealed from is reversed."

Claimant argues, and the Board agreed, that ORS 656.313(1)(a) is inapplicable, because no reconsideration order was issued in this matter. However, as the Board noted, employer was faced with an array of temporary administrative rules to interpret in order to decide whether it could withhold payment. OAR 436-60-150(1) said that benefits

falling due on a weekend were payable on the working day before the weekend. However, OAR 436-60-150(6)(c) provided that permanent disability benefits were due no later than the 30th day *after* the date of any determination order awarding such compensation unless the order was appealed.[2]

The Board reasoned that, inasmuch as the 30th day was Saturday, August 4, 1990, it was reasonable for employer to conclude that it was not required to pay the award under the rules, because it believed that it had appealed the order on the 29th day. In fact, the request was not filed, according to the provisions of OAR 438-05-046(1)(b), until 32 days after the determination order. Nevertheless, the Board concluded that its inquiry was not whether employer had filed the request timely, but whether employer was reasonable in believing that it had done so, thereby abating the obligation to pay permanent partial disability.

 Whether a delay in paying compensation is unreasonable under ORS 656.382(1) and ORS 656.262(10) involves both legal and factual questions. *Brown v. Argonaut Insurance Company*, 93 Or App 588, 763 P2d 408 (1988). The correct legal inquiry is whether the employer had a legitimate doubt as to its liability. "Unreasonableness" and "legitimate doubt" are to be considered in the light of all the evidence available to the employer. If the Board uses the correct legal standard, then we review its finding about reasonableness for substantial evidence. 93 Or App at 592; ORS 183.482(8)(a). Although the Board did not use the term "legitimate doubt" in its opinion, the context of its analysis indicates that it applied the proper legal standard. Because there is substantial evidence to support the Board's findings, we affirm on that issue.

 Finally, claimant argues that the April denial constituted a denial of a previously accepted condition while the claim remained open. Once an employer accepts a claim, it must pay compensation due on the claim. *Bauman v. SAIF*, 295 Or 788, 794, 670 P2d 1027 (1983). However, an employer

---

[2] Temporary rule OAR 436-60-150(6)(c) was revised in 1992 to provide that the appeal must be pursuant to ORS 656.313. This provision was not in effect at the time of this proceeding. Therefore, we do not consider it.

may issue a partial denial of temporary benefits for an unrelated condition while an accepted claim is in open status. *Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988); *see also Boise Cascade Corp. v. Katzenbach*, 104 Or App 732, 802 P2d 709 (1990), *rev den* 311 Or 261 (1991).

▮ The Board found that employer accepted a claim of lumbosacral strain and that that acceptance did not include the abnormality claim, a separate condition not demonstrated to be a symptom of the strain.[3] Employer's denial is expressly limited to claims arising from claimant's spleen condition. Furthermore, it expressly reserved the right to consider benefits related to claimant's accepted lumbosacral injury. The Board did not err in holding that employer's denial was procedurally proper.

Affirmed.

---

[3] In *Georgia-Pacific v. Piwowar, supra*, the court held that the employer could not partially deny benefits relating to ankylosing spondylitis when it had accepted a claim for a "sore back," because the claim was a symptom of the disease, not a separate condition. The court provided an example of a separate condition:

"If, for example, Georgia-Pacific accepted a claim for 'lumbosacral strain,' which was one of the original diagnoses of claimant's condition, that acceptance would not include ankylosing spondylitis, since those are two separate infirmities (unless of course one is merely a symptom of the other)." 305 Or at 501.