Argued and submitted April 10, 1992; resubmitted In Banc August 5, affirmed October 21, 1992

In the Matter of the Compensation of
Gary L. Culp, Claimant.

ASTORIA PLYWOOD COMPANY,
*Petitioner,*

*v.*

Gary L. CULP
and Liberty Northwest Insurance Corporation,
*Respondents.*

(90-12785, 90-04277; CA A71622)

840 P2d 99

Jaurene R. Judy, Portland, argued the cause for petitioner. With her on the brief was G. Joseph Gorciak, Portland.

Martin L. Alvey, Portland, argued the cause for respondent Gary L. Culp. With him on the brief was William H. Skalak & Associates, Portland.

No appearance by respondent Liberty Northwest Insurance Corporation.

DURHAM, J.

Warren, J., dissenting.

## DURHAM, J.

Employer appeals from a Workers' Compensation Board order affirming a permanent partial disability (PPD) award to claimant. Employer contends that the Board erred in applying pre-July 1, 1990, law to this case, because a hearing was not convened before that date, as required by Or Laws 1990 (Spec Sess), ch 2, § 54(2). Employer also contends that the Board's conclusion that claimant's back condition is compensable is not supported by substantial evidence. We affirm.

On May 2, 1987, claimant compensably injured his knee. Employer accepted the claim, which was closed by a January 11, 1988, determination order. On March 21, 1988, claimant compensably injured his back. Employer accepted the claim, which was closed on July 13, 1988, with an award for time loss. In April, 1989, claimant's knee symptoms worsened, and he filed an aggravation claim. That claim was resolved by a stipulation on February 1, 1990. On August 19, 1989, he walked down stairs, felt pain in his right knee, fell and again injured his back. On January 2, 1990, employer denied compensability of the back condition. On February 26, 1990, claimant requested a hearing on the denial. The Board scheduled a hearing for July 12, 1990.

On May 7, 1990, the legislature passed a statute revising the Workers' Compensation Law but excepted certain claims in litigation. Or Laws 1990 (Spec Sess), ch 2, § 54(2) provides:

> "Any matter regarding a claim which is in litigation before the Hearings Division, the board, the Court of Appeals or the Supreme Court under this chapter and regarding which a request for hearing was filed before May 1, 1990, *and a hearing was convened before July 1, 1990*, shall be determined pursuant to the law in effect before July 1, 1990." (Emphasis supplied.)

The Board did not conduct a hearing in this case on July 12, 1990. Instead, it issued a notice to the parties and conducted a proceeding on June 25, 1990, before a referee. The transcript[1] indicates that the referee announced that he

---

[1] The transcript of the June 25, 1990, proceeding says:

officially convened the hearing on the merits, acknowledged the appearance of claimants' counsel, admitted an exhibit, obtained counsel's waiver of a notice of the rights of the parties in workers' compensation cases, preserved objections or motions by any party to the convening of the hearing before July 1, 1990, and recessed the hearing to a later date. Employer made no appearance. The proceeding occurred at a

"Hearing in the above-entitled matter was held in Salem, Oregon on the 25th day of June, 1990 at a.m., before John Baker, Referee for the Workers' Compensation Board of the State of Oregon.

### "TRANSCRIPT OF HEARING

"THE REFEREE: Pursuant to Notice this is the time and place set to convene the hearings on the merits in the matters of the compensation of each and every case listed in and described in those certain official records of the Workers' Compensation Board. Consisting in these hearings of three pages, now marked and admitted in this record as Exhibit 412.

"In each and every one of these cases the claimant's attorney of record, Patrick Lavis, appears at this time by Attorney Martin Elvey—Alvey, A-L-V-E-Y—

"MR. ALVEY: Alvey.

"THE REFEREE: —of claimant's attorney.

"As to the insurers and employers, legal notice has been provided and their representatives have appeared in the official pro forma manner prescribed today by the Workers' Compensation Board, or, in the alternative having received legal notice, have waived appearance in these cases.

"These hearings are being recorded by Diane Kliewer of the Workers' Compensation Board.

"These hearings are of course, officialy [*sic*] convened.

"Mr. Alvey, do you waive reading of the notice to parties of Rights and Procedures in Workers' Compensation Cases promulgated pursuant to ORS 183.413?

"MR. ALVEY: Yes.

"THE REFEREE: Do you agree that these are contested cases under ORS Chapter 656?

"MR. ALVEY: Yes.

"THE REFEREE: All objections or motions from any party to the convening of these hearings prior to July 1, 1990, are preserved and may be raised at the continued hearing, at which time the Referee will rule.

"These hearings are now recessed and continued to a date and time to be set by the Docket Section of the Hearings Division.

"Thank you very much.

"MR. ALVEY: Thank you.

(OFF THE RECORD)"

Salem hotel and was one of many proceedings conducted in a similar manner that day.

The record does not explain the reason for the procedure, but we can intuit it. The Board's backlog prevented it from scheduling many cases within the 90-day deadline set by ORS 656.283(4).[2] For example, the original July 12, 1990, hearing in this case was set 136 days after the request for hearing was filed. The problem was further complicated by the May 7, 1990, amendment, which declared that a claim would be governed by the new law if a hearing was not convened prior to July 1, 1990. A party who had requested a hearing on or before April 1, 1990, would be legally entitled to a hearing before July 1, 1990, but, due to the backlog, it would not be set by that date and the new law would govern the claim. The Board convened the abbreviated proceedings so that its backlog, a problem not within the control of any party, would not deprive parties who had requested a hearing by April 1, 1990, of the right to have the pre-July 1, 1990, law govern their proceedings.

■    Employer contends that the referee did not "convene a hearing" within the meaning of the 1990 amendment, that the Board had no authority to schedule a hearing on June 25, 1990, and that the proceeding on that date was a sham, because "[i]ts sole purpose was to force hundreds of cases to be decided under the old law."

The 1990 amendment does not specially define the terms "convene" or "hearing." Accordingly, we discern the legislature's intention by giving them their natural, plain and obvious meaning, if there is one. *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32 (1980); *see City of Portland v. Smith*, 314 Or 178, 186, 838 P2d 568 (1992). A common definition of "convene" is:

"1.   to come together or assemble, usually for some public purpose; 2. to cause to assemble; convoke; 3. to summon to appear, as before a judicial officer." *Random House*

---

[2] ORS 656.283(4) provides:

"The board shall refer the request for hearing to a referee for determination as expeditiously as possible. The hearing shall be scheduled for a date not more than 90 days after receipt by the board of the request for hearing. The hearing shall not be postponed except in extraordinary circumstances beyond the control of the requesting party."

*Dictionary of the English Language* 443 (unabridged 2d ed 1987).

A common definition of "hearing" is:

> "3.    opportunity to be heard * * * 4. an instance or a session in which testimony and arguments are presented, esp. before an official, as a judge in a lawsuit." *Random House Dictionary of the English Language* 882 (unabridged 2d ed 1987).

Another common meaning for "hearing" is "a trial before an administrative tribunal." *Webster's Third New International Dictionary* 1044 (unabridged 1976).

The legislative history of the 1990 amendment is instructive. On May 4, 1990, Representative Mannix explained the "litigation" exception to the Interim Special Committee on Workers' Compensation:

> "There's literally at least 20,000 cases in litigation right now, and without some special exemption with the operative dates here, technically any of those cases going to hearing or going through the appellate process would have to be revisited as to the language of this Act, and as the lawyers on this committee know, that would be a nightmare. So it would allow those cases where there's been a request for hearing filed before May 1 and the hearing is held by July 1 of this year, to continue through the system under the standards in effect at the time that the cases were filed and not apply this law to them." Tape Recording, Interim Special Committee on Workers' Compensation, May 4, 1990, Tape 21, Side B at 230-44.

On May 7, 1990, Mannix again explained that provision during the House floor debate:

> "And the other exception is the litigation exception. For once, our legislature has recognized that there are actually tens of thousands of cases in litigation and we're not going to reinvent the wheel on those cases. We will let those cases proceed under the standards in which they were tried, so that you, again, will not be creating more work for lawyers." Tape Recording, House Special Session, Floor Debate, May 7, 1990, Tape 2, Side A at 260.

Mannix's language was imprecise. On May 4, he used the phrase "hearing is held," and on May 7 referred to the standards in effect on the date the case is "tried." However, he was describing a bill that used the phrase "hearing was

convened." Mannix's statements do not suggest that he understood the words "convene" and "hearing" to have a definition different from the ordinary definitions that we have discussed. These are instances in which, "although Mannix's language was inaccurate, it is possible for us to glean his meaning." *SAIF v. Herron*, 114 Or App 64, 70, 836 P2d 131 (1992). The legislature's overriding concern was to avoid the cost and frustration of applying the new law to cases that had progressed to a hearing convened before July 1, 1990. The legislature could have excepted only those hearings that had reached an advanced stage, such as the taking of testimony or argument, but did not do so.

The continuance of the June 25, 1990, proceeding, a common event in any adjudication, does not determine whether the hearing was convened. The Board's motive also does not decide the issue. The proceeding involved no testimony or argument, but it did involve several procedures common to administrative hearings. The referee summoned the parties, opened the hearing record, acknowledged the presence or absence of the parties, admitted an exhibit, obtained claimants' acknowledgement that the proceeding was a contested case under ORS ch 656 and a waiver of claimants' rights under ORS 183.413 to a notice of hearing procedures, and afforded the parties an opportunity to be heard, at least with respect to those procedures. He conducted an initial part of the hearing. Because he convened the parties and commenced the hearing before July 1, 1990, the Board did not err in applying pre-July 1, 1990, law to this case.

We reject the employer's argument that the Board had no authority to schedule the June 25, 1990, proceeding after it had initially set a hearing on July 12, 1990. The Board may conduct a hearing on 10 days' notice to the parties. ORS 656.283(5). Nothing prevents it from accelerating a requested hearing, so long as it complies with the notice requirement. Employer does not argue that it did not receive a timely notice of the hearing.

Finally, employer assigns error to the Board's determination that claimant had established the compensability of his back condition. We review for substantial evidence and errors of law. ORS 656.298(6); ORS 183.482(7), (8). Several doctors gave different opinions of the cause of claimant's

injury. The referee found that claimant was credible. He also accepted the opinion of Dr. Young, who believed that meniscal tears caused claimant to fall and hurt his back. In *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988), says:

> "[I]f there are doctors on both sides of a medical issue, whichever way the Board finds the facts will probably have substantial evidentiary support."

This is such a case.

Affirmed.

**WARREN, J.,** dissenting.

When the legislature significantly altered the workers' compensation laws in 1990, it specifically provided that matters concerning a claim for which a hearing had been requested before May 1, 1990, and for which the hearing was convened before July 1, 1990, would be decided pursuant to the pre-amendment law. Or Laws 1990 (Spec Sess), ch 2, § 54(2). I agree with employer that the proceeding held on June 25, 1990, was a sham. Accordingly, I dissent.

Because the 1990 amendments apply to all cases for which a hearing had not yet "convened," the Board gave notice of and held a "rights preservation conference" on June 25, 1990, at a Salem hotel. This case was one of approximately 2,500 that were "convened" that day. The sole purpose of the conference was to enable those cases to be decided under the old law. No issues relating to this case were raised on June 25, and the referee preserved all objections and motions until the regularly scheduled hearing, which was eventually held on December 5, 1990. Employer did not attend the June conference, but objected to the rights preservation conference when the hearing was finally held on December 5.

The majority purports to rely on the natural, plain and obvious meaning of the terms "convene" and "hearing." Although I have no quarrel with that approach, and agree with the definitions offered for the terms, I must disagree with the majority's application of the definitions.

"Convene" means, according to the majority, "to come together or assemble, usually for some public purpose." 115 Or App at 741. The record indicates that a proceeding was

convened when the referee assembled the mass of cases on June 25.

The fact is, however, that the proceeding that was convened was not a "hearing" under any definition of that term, including the majority's. It defines "hearing" as "an opportunity to be heard" or "a session in which testimony and arguments are presented." 115 Or App at 742. Having defined the term, the majority then ignores the definition. The transcript, which is quoted in its entirety in note 1 of the majority opinion, shows that the proceeding never provided claimant or employer an opportunity to be heard, nor was any testimony or argument offered or solicited. There simply was not a hearing. The Board's attempt to preserve claimant's rights under the old law was nothing but a sham proceeding.

When the legislature adopted the amendments at the special session, it was aware of the Board's backlog of cases. Had it intended that *all* claimants whose cases were part of that backlog should have their claims adjudicated under the old law, it simply could have exempted all cases for which a request for hearing had been filed before May 1, 1990. It did not. For whatever reason, it specifically provided that the old law would apply *only* to cases in which requests for hearing had been made before May 1, 1990, *and* a *hearing* had been convened before July 1, 1990. Neither the Board nor we are at liberty to ignore the legislature's clear directive.

When the legislature exempted from the new law cases for which a hearing had been convened, it meant that the process of adjudicating a disputed claim must have begun. Claimant does not contend—nor could he—that the referee began to adjudicate any disputed issues in his case at the so-called rights preservation conference. Accordingly, I would hold that the Board and the referee erred in applying the old law to this case.

I dissent.

Joseph, C. J., and Buttler and Edmonds, JJ., join in this dissent.