Argued and submitted January 17, resubmitted In Banc August 5, affirmed
October 21, 1992

In the Matter of the Compensation of
Gregg Lewis, Claimant.

PRECISION CASTPARTS CORPORATION,
*Petitioner,*

*v.*

Gregg LEWIS,
*Respondent.*

(90-05265; CA A70402)

840 P2d 104

Karen O'Kasey, Portland, argued the cause for petitioner. With her on the brief were Stephen R. Rasmussen and Schwabe, Williamson & Wyatt, Portland.

Martin L. Alvey, Portland, argued the cause for respondent. With him on the brief was William H. Skalak, Portland.

DURHAM, J.

Warren, J., dissenting.

**DURHAM, J.**

Employer seeks review of an order of the Workers' Compensation Board that reversed the referee in part and awarded claimant compensation. We affirm.

In August, 1989, claimant injured his back at work. Employer accepted the claim as nondisabling. Claimant continued to work and began receiving medical treatment. In December, he suffered back pain and was temporarily disabled. Dr. Barnhouse authorized time loss, but claimant continued to work. He filed a claim for medical services. On February 27, 1990, employer denied the claim. On March 2, claimant again experienced back pain and was taken off work for 14 days. On March 3, he filed another claim for medical services. On March 13, employer denied that claim.

The Board set aside the denials on the ground that employer had failed to give proper notice to the director of the Department of Insurance and Finance (DIF) that claimant's injury had become disabling. It held that the denials had no effect and ordered employer to pay claimant benefits.

■ As an initial matter, employer asserts that the law in effect after July 1, 1990, should apply to this case because a hearing was not convened before July 1, 1990. Or Laws 1990 (Spec Sess), ch 2, § 54(2) provides:

"(2) Any matter regarding a claim which is in litigation before the Hearings Division, the board, the Court of Appeals or the Supreme Court under this chapter, and regarding which matter a request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990, shall be determined pursuant to the law in effect before July 1, 1990."

Claimant requested a hearing on March 8, 1990, and the Board originally scheduled it for July 27. On June 1, the Board issued a "Notice of Accelerated Hearing," which set the hearing for June 25 at a Salem hotel. The parties waived the notice of procedures required by ORS 183.413 and stipulated that theirs was a contested case. The referee preserved all objections and motions, took no evidence and continued the hearing until July 27. Employer argues that the accelerated hearing was a sham. We rejected employer's argument in

*Astoria Plywood Co. v. Culp*, 115 Or App 737, 743, 840 P2d 99 (1992).[1]

■　　Employer also contends that the Board erred by considering the February 27 denial, when employer sought review only of the March 13 denial.[2] The Board was not confined on review to the issues that the parties raised. It had the authority to address any issue that was before the referee, even in the absence of a cross-petition for review of that issue. *See Destael v. Nicolai Co.*, 80 Or App 596, 600, 723 P2d 348 (1986). The Board did not err when it considered the February 27 denial.

■　　Finally, employer argues that the Board erred when it set aside the denials on the ground that employer did not give immediate notice to the director of the DIF.[3] *Former* ORS 656.262(12) (*repealed by* Or Laws 1990 (Spec Sess) ch 2, § 15) provided in part:

> "If within one year after the injury, a worker claims a nondisabling injury has become disabling, the insurer or self-insured employer shall report the claim to the director immediately after receiving notice or knowledge of such claim."

Employer sent copies of the February 27 and March 13 denials to the Workers' Compensation Division. The Division received notice of the first denial no fewer than 58 days after claimant had reported in December, 1989, that he was temporarily disabled. Employer issued the second denial 10 days after the second claim was made. The Board held that employer's delay in reporting to the Division that claimant asserted that his injury had become disabling was not "immediate" notice under *former* ORS 656.262(12). We give careful consideration to the Board's interpretation of the statute and agree that employer failed to give immediate notice. The Board did not err when it set aside the denials.

---

[1] The record of the accelerated hearing in this case is nearly identical to that quoted in *Astoria Plywood Co. v. Culp, supra,* 115 Or App at 739 n 1, except that employer appeared at the hearing, waived a notice of rights under ORS 183.413 and stipulated that this is a contested case under ORS chapter 656.

[2] The referee upheld the February 27 denial and set aside the March 13 denial.

[3] Although claimant raised the issue as an aggravation claim, the Board correctly determined that it was not an aggravation, because it occurred within one year after the injury. *See former* ORS 656.262(12) (*repealed by* Or Laws 1990 (Spec Sess), ch 2, § 15).

Affirmed.

**WARREN, J.,** dissenting.

I dissent for the reasons stated in my dissent in *Astoria Plywood Co. v. Culp,* 115 Or App 737, 840 P2d 99 (1992).

Joseph, C. J., and Buttler and Edmonds, JJ., join in this dissent.