Argued and submitted August 24, 2001, affirmed May 1, 2002

In the Matter of the Compensation of
Joseph R. Zwingraf, Claimant.

SOUND ELEVATOR
and Argonaut Insurance Company,
*Petitioners,*

*v.*

Joseph R. ZWINGRAF,
*Respondent.*

99-04299; A111284

45 P3d 958

Jerald P. Keene argued the cause and filed the brief for petitioners.

Ernest M. Jenks argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Employer seeks review of an order of the Workers' Compensation Board (board) setting aside a denial of claimant's claim for a knee injury. We affirm.

Claimant injured his right knee at work. On January 29, 1998, employer accepted a claim for "right knee strain." The claim was closed in July 1998. Claimant continued to complain about pain in his right knee. In January 1999, his treating physician noted recurrent symptoms and recommended an MRI to confirm what he believed to be either a meniscal injury or degenerative conditions. The physician submitted his notes to employer, but, beyond that, there was no request to add meniscal injury or degenerative conditions to the accepted condition.

On May 24, 1999, employer issued the following denial:

> "We have received information that you are seeking additional benefits in connection with your accepted claim of 1/29/98. In reviewing this matter [employer] concludes that your current condition and need for treatment are not compensably related to your accepted claim.

> "Accordingly, your current condition and need for treatment are hereby denied."

Believing that employer had denied his request to include a medial meniscus tear in the accepted condition, claimant requested a hearing, seeking a determination that the medial meniscus tear is compensable. Employer moved to dismiss, arguing that, because claimant had not specifically requested acceptance of a right medial meniscus condition, the compensability of that condition was not properly at issue, and claimant therefore had no basis for requesting a hearing on the issue. In the alternative, employer requested a continuance of the hearing to develop the medical record further.

The administrative law judge (ALJ) denied the motion to dismiss. He found that, at the time of the denial, employer was aware from the medical notes that had been submitted that claimant had a medial meniscus tear requiring surgery. Accordingly, the ALJ concluded, employer is

bound by the language of its current condition denial, which is broad enough to encompass claimant's medial meniscus tear. The ALJ also denied employer's request for a continuance and found that the medial meniscus condition was compensable.

Employer sought review before the board, renewing its argument that, in the absence of a claim that satisfied the statutory requirements for putting the condition at issue, the Hearings Division lacks jurisdiction to consider the compensability of a medial meniscus tear. Employer also argued that the ALJ erred in failing to allow a continuance so that employer could better prepare its medical evidence. The board rejected employer's arguments, found the claim compensable, and awarded claimant attorney fees.

On judicial review, employer argues that the board erred in denying its motion to dismiss, in denying its motion for a continuance, and in awarding claimant attorney fees. We write only to address employer's arguments concerning the motion to dismiss, affirming as to the balance of its contentions without further discussion.

Employer argues that ORS 656.262(6)(d) and (7)(a) (1999) set out the requirements for submitting a claim for new medical conditions and existing medical conditions omitted from a notice of acceptance, respectively. ORS 656.262(6)(d) (1999) provides, in part:

> "An injured worker who believes that a condition has been incorrectly omitted from a notice of acceptance, or that the notice is otherwise deficient, first must communicate in writing to the insurer or self-insured employer the worker's objections to the notice."

ORS 656.262(7)(a) (1999) provides, in part:

> "New medical condition claims must clearly request formal written acceptance of the condition and are not made by the receipt of a medical claim billing for the provision of, or requesting permission to provide, medical treatment for the new condition. The worker must clearly request formal written acceptance of any new medical condition from the insurer or self-insured employer."

In both cases, employer observes, workers are required to provide to the insurer or the self-insured employer written claims containing specific information. In this case, employer complains, claimant failed to satisfy the requirements of either statute with respect to a claim for a medial meniscus tear. As for its May 24, 1999, denial, employer contends that it merely put the worker on notice that the treatment for which claimant's physician sought authorization was not related to the accepted claim. It did not constitute an unwitting waiver of the statutory procedures for properly putting the medial meniscus condition at issue.

Claimant argues, as the board held, that it is irrelevant that he did not comply with the claim filing requirements for putting his medial meniscus condition properly at issue. The fact remains that employer denied the condition, and that is sufficient to put the matter at issue. Citing *Tattoo v. Barrett Business Service*, 118 Or App 348, 847 P2d 872 (1993), claimant argues that employer is bound by the express language of its denial of his "current condition and need for treatment," which is broad enough to include the medial meniscus condition that his physician mentioned in the medical notes that were sent to employer.

■ Employer certainly is correct that, pursuant to ORS 656.262(6)(d) and (7)(a) (1999), a specific, written claim is necessary to trigger an employer's *obligation* to process a claim for a new medical condition or a claim for acceptance of an omitted condition. And claimant does not deny that he failed to satisfy the requirements of either statute. All that means is that employer had no obligation to issue a denial when claimant's doctor submitted his medical notes to employer. The fact remains, however, that employer *did* issue a denial in response to that submission. A worker has the right to request a hearing on a denial. ORS 656.262(9); ORS 656.283 ("any party * * * may at any time request a hearing on any matter concerning a claim"). The denial was thus properly before the Hearings Division. As we held in *Tattoo*, an employer must be held to the express language of

its denial. 118 Or App at 351. In this case, employer denied claimant's "current condition and need for treatment," which is broad enough to include the medial meniscus condition that his physician noted in the medical notes sent to employer.

Affirmed.