Argued and submitted May 3, reversed and remanded July 10, 2002

In the Matter of the Compensation of
Mark A. Snyder, Claimant.

LONGVIEW INSPECTION,
*Petitioner,*

*v.*

Mark A. SNYDER,
*Respondent.*

00-07617; A115166

50 P3d 1201

Jerald P. Keene argued the cause and filed the briefs for petitioner.

Patrick K. Cougill argued the cause for respondent. With him on the brief was Welch, Bruun & Green.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Employer concluded that claimant's work-related injury was not the major contributing cause of his current condition and denied his claim for compensation. An administrative law judge (ALJ) and subsequently the Workers' Compensation Board (board) overturned employer's denial. Employer seeks judicial review, arguing that it denied the claim because the major contributing cause of claimant's condition was no longer the work-related *strain* but an unrelated degenerative disease; the ALJ and board rejected the denial based on the conclusion that the major contributing cause was not the degenerative disease but a work-related *facet joint condition*; and that conclusion was error because, in order to put the facet joint condition (as opposed to the strain) before the ALJ, claimant needed to file a claim for a "new" or "omitted" condition, and he had not done so. We reverse and remand.

Claimant's job duties included using a 65-pound x-ray camera to inspect for cracks in large pipes. On December 17, 1999, while performing this task, he fell and injured his neck and shoulder. He thereafter had treatment from several doctors, and, on February 22, 2000, employer accepted a claim for a right shoulder strain.

The pain continued and so did medical treatment for it. In April 2000, claimant had an MRI that showed bulging discs in the neck area of his spine (C5-6). According to the examining physician, those bulges could have been the cause of claimant's neck and shoulder pain. A subsequent compulsory medical examination arranged by employer attributed the bulging discs to spondylosis, a chronic degenerative condition unrelated to trauma. The examining physician concluded that the work-related strain had become stable and that the degenerative condition was the source of claimant's continuing pain. A second examination by another employer-requested physician confirmed those conclusions on August 15, 2000. However, a different physician, although agreeing that claimant's pain had its source in the C5-6 region, did not agree that bulging discs (and hence a degenerative disease) necessarily accounted for the pain; he believed that the pain

was related to a facet joint problem in the C5-6 region. Unlike the bulging discs, the facet joint problem could have been caused by the work injury and not the degenerative disease. On August 20, claimant's treating physician, Dr. Long, sent the findings about the facet joint to employer, along with his opinion that the joint problem and not the preexisting degenerative disease constituted the major cause of claimant's current condition.

The next day, without having received the report from Long, employer notified claimant that "we are accepting your claim for right shoulder strain and cervical strain combined with preexisting, non-compensable degenerative arthritis and degenerative disc disease." That acceptance of a "combined condition" was the necessary precursor to a denial of that condition. *Croman Corp. v. Serrano*, 163 Or App 136, 986 P2d 1253 (1999) (combined condition cannot be denied until it is accepted). On August 22, still without having received Long's report, employer notified claimant that

"your right shoulder and cervical strain injury is no longer the major contributing cause of your combined condition * * *. Therefore we are hereby issuing this denial of your current cervical and right shoulder condition and associated disability and need for treatment. This denial will result in the closure of your claim."

Employer, in other words, denied the claim based on reports from those physicians who concluded that claimant's current neck and shoulder pain resulted primarily from the degenerative disease and not from the work-related strain. Employer did not consider the role of the facet joint injury because it had no knowledge of it.

Claimant, still suffering pain, requested a hearing to challenge the denial. That hearing took place on January 5, 2001. Between the claim closure and the hearing, claimant continued medical treatment with Long, who supervised a series of diagnostic procedures, all of which indicated that claimant's ongoing pain had its source not in bulging discs but in the facet joint problem—that is, not in a degenerative, noncompensable condition but in a traumatic, on-the-job, compensable injury. Long reported his test results and conclusions to employer; the last report was received on January

4, the day before the hearing. Those reports were accepted as exhibits without objection and are part of the hearing record.

At the hearing, both sides presented brief opening statements, followed by examination and cross-examination of a single witness (claimant). Claimant's attorney then argued in closing that the evidence, including in particular the evidence of a facet joint problem, established that the work-related injury was the major contributing cause of claimant's condition. That was the first time the facet joint injury was explicitly mentioned at the hearing. Employer responded in its closing argument, "Dr. Long's report may support a claim for the C5-6 facet [joint] injury, but we don't have a claim for that condition." Although not articulated at the time, the basis of that statement apparently was employer's theory that the facet joint injury was a "new" condition, and, because claimant had not submitted a new condition claim pursuant to ORS 656.262(7)(a), the facet joint injury was not properly before the ALJ.[1]

The ALJ rejected employer's denial. He concluded that Long's opinion identifying the facet joint injury as the major contributing cause of claimant's combined condition was more persuasive than the other opinions identifying non-compensable degenerative disease. Regarding employer's argument that "there has been no claim for a C5-6 facet joint injury," the ALJ held that "the issue in this case is [employer's] general denial of claimant's current cervical condition. The current cervical condition is the injury to claimant's C5-6 facet joint. [Employer's] denial encompasses that condition." The ALJ also awarded claimant attorney fees.

Employer appealed to the board, and the board affirmed. It reasoned that employer's denial of the current condition claim was phrased in terms broad enough to

---

[1] ORS 656.262(7)(a) (1999) provides, in part:

"New medical condition claims must clearly request formal written acceptance of the condition and are not made by the receipt of a medical claim billing for the provision of, or requesting permission to provide, medical treatment for the new condition. The worker must clearly request formal written acceptance of any new medical condition from the insurer or self-insured employer."

In 2001, the Legislative Assembly made changes to that statute that are not material to this appeal. References throughout this opinion are to the 1999 version.

encompass the facet joint injury even though employer was not aware of that injury at that time; therefore, claimant had no obligation to file a new condition claim because the facet joint injury was not new. In the alternative, the board reasoned that, even if employer's denial did not encompass the facet joint injury, employer had waived any objection to dealing with that injury at hearing when it agreed with the ALJ's announcement at the beginning of the hearing that its subject was a current condition denial, which meant current *at the time of the hearing*. The board also tacitly accepted the ALJ's decision on the merits, agreeing that the facet joint injury was the major contributing cause of claimant's current condition and affirmed the award of attorney fees. Employer seeks judicial review.

Before this court, employer argues, first, that its denial did not encompass the facet joint condition because, although the condition *existed* at that time of the denial, employer did not know about it; therefore, the facet joint condition was "new" and could not be raised for the first time at the hearing without claimant having first filed a "new condition" claim. Second, employer argues that it never waived its objection to claimant's failure to file a "new condition" claim. Third, employer renews its objections to the award of attorney fees. Employer appears to concede that, if the facet joint injury was properly before the ALJ and the board, substantial evidence supports the conclusion that the injury was the major contributing cause of claimant's current condition.

■■ We begin with the scope of employer's denial, which provides:

"As you know, in relation to your December 17, 1999 injury claim we have accepted right shoulder and cervical strain that combined with preexisting, non-compensable degenerative arthritis and degenerative disc disease of the cervical spine.

"Based on current medical evidence, your right shoulder and cervical strain injury is no longer the major contributing cause of your combined condition and/or the medical treatment and disability associated with your combined condition. Therefore, we are hereby issuing this denial of your current cervical and right shoulder condition and associated disability and need for treatment."

An employer is bound by the express language of its denial. *Tattoo v. Barrett Business Service*, 118 Or App 348, 351, 847 P2d 872 (1993). Here, the last sentence of the denial is as broad and general as the denial we deemed to be all-inclusive in *Sound Elevator v. Zwingraf*, 181 Or App 150, 152, 45 P3d 958 (2002). That denial provided:

> " 'In reviewing this matter [employer] concludes that your current condition and need for treatment are not compensably related to your compensable claim.
>
> " 'Accordingly, your current condition and need for treatment are hereby denied.' "

The sentence in this case, however, appears in a denial that lists specific causes. The denial as a whole unambiguously refers to claimant's condition only insofar as it encompasses his "right shoulder and cervical strain" in combination with preexisting degenerative diseases. The phrase "current cervical and right shoulder condition" is qualified by all that appears before it, in particular the phrases "we have accepted right shoulder and cervical strain" and "your right shoulder and cervical strain injury." Thus, unlike the general denial in *Sound Elevator* (or the general acceptance in *Freightliner Corp. v. Christensen*, 163 Or App 191, 986 P2d 1263 (1999) ("low back pain")), the denial here is not of a condition so general and broad that it can be deemed to include all of the underlying conditions that might cause it. We conclude that the evidence does not support the ALJ's finding that employer denied a combined condition that included claimant's facet joint injury.

That being the case, we also conclude that the facet joint injury was not automatically before the ALJ at the hearing. Again, this case differs from *Sound Elevator*, where we held that the unmentioned injury *was* put at issue by the denial, without any separate "new condition" claim, because the employer knew of the unmentioned injury when it issued its general denial. 181 Or App at 152, 155. It is one thing to hold that a general denial will put at issue all of the relevant medical conditions of which the employer was aware; it is quite another to hold that a limited and specific denial puts at issue all relevant medical conditions that exist at the time it is rendered, even if the employer does not know of them.

Nothing in law, logic, or policy suggests that we should so hold.

■ Our conclusion that employer's denial did not automatically put the facet joint injury at issue does not end our inquiry. The board held, and claimant argues, that, even if the facet joint injury was not included in the denial, it was put at issue at the beginning of the hearing when the ALJ announced:

> "Issue-wise today, we have Exhibit 66. It's a Denial dated August 22, 2000. Basically, the claim was accepted the day before as a combined condition, and then the Denial denied claimant's current condition as a combined condition, major-contributing-cause type Denial having to do with cervical and right-shoulder conditions specifically."

According to claimant and the board, the ALJ's reference to claimant's "current condition" and his "cervical and right-shoulder conditions" signaled that the hearing was to encompass claimant's condition *as of the hearing date,* and, when employer proceeded to litigate the claim without asking for a continuance, it waived any objection it might have had to claimant's failure to file a separate new condition claim prior to the hearing.

We disagree. That reading of the ALJ's statement is untenable. The "combined condition" that the ALJ referred to is unambiguously the one contained in Exhibit 66, which is employer's denial. As we have noted, that denial did not encompass the facet joint injury. The "cervical and right-shoulder conditions" also refer to the August 22 denial and not the conditions as they might exist at the time of the hearing. Further, neither claimant's nor employer's opening statement referred to the facet joint injury. The first reference to that injury occurred in claimant's closing argument, and employer, at the first opportunity, objected by arguing that "Dr. Long's report may support a claim for the C5-6 facet injury, but we don't have a claim for that condition." Employer did not waive its procedural argument.[2]

_____

[2] Employer originally argued that claimant's failure to file a new condition claim could not be waived in any event because it was "jurisdictional": ORS 656.262(7)(a) imposed a nonwaivable prerequisite to consideration of a new condition. In light of our decision in *Sound Elevator v. Zwingraf,* 181 Or App 150, 45 P3d

Because the ALJ's decision to set aside employer's combined condition denial was based on medical evidence that employer did not have when it issued the denial and that evidence was of an injury not encompassed by the denial, we reverse and remand for reconsideration.[3]

■ Finally, employer contends that the board erred in awarding claimant attorney fees pursuant to ORS 656.386(1), which provides:

> "In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee."

In light of our disposition of this case, claimant has not "finally" prevailed. We therefore reverse the board's award of attorney fees.

Reversed and remanded.

---

958 (2002) (claimant may contest denial of new or omitted condition even if no new or omitted condition claim was filed), employer has correctly abandoned that argument.

[3] We note that, under ORS 656.262(7)(a) (1999), a claimant "may initiate a new medical condition claim at any time." Claimant has done so in this case. The record does not indicate if employer has accepted or denied it.