Argued and submitted January 21, reversed and remanded for reconsideration
March 31, 2004

In the Matter of the Compensation of
Lori I. Ake, Claimant.

Lori I. AKE,
*Petitioner,*

*v.*

SAIF CORPORATION
and Binary Technologies, Inc.,
*Respondents.*

01-06272; A120356

87 P3d 673

James E. Bailey, III, argued the cause for petitioner. With
him on the briefs was Daniel M. Spencer LLC.

Jerome P. Larkin argued the cause and filed the brief for
respondents.

Before Haselton, Presiding Judge, and Linder and
Ortega, Judges.

LINDER, J.

## LINDER, J.

Claimant seeks review of an order of the Workers' Compensation Board (board) in which the board concluded, *inter alia*, that she is not entitled to a hearing on the merits of her aggravation claim because she failed to perfect that claim as required by ORS 656.273(3). Claimant assigns error to that ruling, arguing that, because SAIF denied her aggravation claim on the merits, the issue of whether she perfected her claim is moot. In the alternative, she asserts that her aggravation claim satisfied the requirements of ORS 656.273(3). We agree with claimant that she is entitled to a hearing on the merits of her aggravation claim, and we reverse and remand for reconsideration.

Claimant injured her back in November 1997 while working for employer. She received treatment for that injury, which SAIF accepted as a lumbar strain, and SAIF closed the claim in December 1997. In March 2001, claimant again injured her back and submitted an aggravation claim pursuant to ORS 656.273(3).[1] After receiving that claim, SAIF arranged for claimant to undergo an insurer medical examination (IME), which claimant attended. The next month, SAIF denied claimant's aggravation claim on the merits.[2]

Claimant sought administrative review of that denial. *See* ORS 656.283. At a hearing, SAIF argued to the administrative law judge (ALJ) that, because claimant had failed to perfect her claim as required by ORS 656.273(3), the

---

[1] That statute provides:

"A claim for aggravation must be in writing in a form and format prescribed by the director and signed by the worker or the worker's representative. The claim for aggravation must be accompanied by the attending physician's report establishing by written medical evidence supported by objective findings that the claimant has suffered a worsened condition attributable to the compensable injury."

ORS 656.273(3).

[2] The letter in which SAIF denied claimant's claim stated, in part:

"We are in receipt of a claim for aggravation and your recent request * * * asking SAIF * * * to accept a new condition of disc protrusion. * * *

"We have investigated the request but are unable to accept and/or re-open your claim, as the current condition claimed is not related to your accepted lumbar strain condition(s) * * *."

denial was a nullity and thus not administratively reviewable. The ALJ rejected that argument, citing our decision in *Sound Elevator v. Zwingraf*, 181 Or App 150, 45 P3d 958, *rev den*, 334 Or 693 (2002), for the proposition that SAIF's denial of the claim on its merits mooted the issue of whether claimant had satisfied the procedural requirements of ORS 656.273(3). The ALJ went on to conclude that claimant had proved aggravation and, accordingly, set aside SAIF's denial.

The board reversed, stating that it "decline[d] to extend the holding of [*Sound Elevator v.*] *Zwingraf* to aggravation claims" because *Sound Elevator* was decided in the context of a new or omitted condition claim and, here, "[i]n light of the explicit procedural statutory requirements concerning the filing of an aggravation claim," the logic of *Sound Elevator* is inapposite. We review that legal determination for errors of law. ORS 656.298(7); ORS 183.482(7), (8).

■    The outcome of this case turns, as the parties acknowledge, on whether our holding in *Sound Elevator* applies to aggravation claims. We therefore begin by discussing that case at some length. In *Sound Elevator*, the claimant strained his knee, which the employer accepted as a compensable injury. After the claim was closed, the claimant continued to complain of knee pain. His physician sent the employer his notes, which stated that the claimant was suffering recurring symptoms and recommended an MRI to determine whether a meniscal injury or a degenerative condition was responsible for the claimant's symptoms. The claimant, however, never submitted a request to the employer to add either of those suspected conditions to the accepted condition. On receiving the physician's notes, the employer responded with a letter stating that it had "received information that [the claimant is] seeking additional benefits" and that the claimant's "current condition and need for treatment are hereby denied." *Sound Elevator*, 181 Or App at 152.

The claimant, believing that his employer had denied his request to add the meniscal injury to the accepted condition, sought a hearing. In response, the employer argued that claimant was not entitled to a hearing because he had not satisfied the requirements for submitting either a

new or an omitted condition claim and, thus, the "denial" was not properly at issue. In particular, the employer pointed to the statutory requirements for omitted condition claims, which require a claimant to "communicate [to the employer] in writing * * * the worker's objections," ORS 656.262(6)(d), and those for new condition claims, which require a claimant to "clearly request formal written acceptance * * * from the * * * employer," ORS 656.262(7)(a) (1999). *Sound Elevator*, 181 Or App at 152-53.

We noted that, under those statutes, "a specific, written claim is necessary to trigger an employer's *obligation* to process" a new or omitted condition claim. *Id.* at 154 (emphasis in original). That said, however, the employer "*did* issue a denial in response to th[e] submission." *Id.* (emphasis in original). Because, by statute, a worker has the right to request a hearing on a denial, ORS 656.283,[3] we concluded that the employer's denial, although not required, was properly subject to a hearing. *Id.*

■ As that description of our reasoning reveals, the holding in *Sound Elevator* did not depend on anything unique to new or omitted condition claims.[4] Rather, that case

---

[3] ORS 656.283(1) provides, in part:

"Subject to ORS 656.319, any party * * * may at any time request a hearing on any matter concerning a claim * * *."

A "claim" is defined, in turn, as "a written request for compensation from a subject worker * * * or any compensable injury of which a subject employer has notice or knowledge." ORS 656.005(6).

[4] Although the specifics of what it takes to perfect an aggravation claim as compared to a new condition claim differ, we have noted that the processing of the two types of claims is identical. *See SAIF v. Christensen*, 130 Or App 346, 349, 882 P2d 125 (1994), *petition for review withdrawn by order* May 12, 1995 ("the processing of an aggravation claim should be identical to the processing of an initial claim" with the single exception that, with "an initial claim, the first payment of compensation is due no later than the 14th day after the insurer has notice or knowledge of the claim").

Moreover, before the order at issue in this case, it appears that the board treated the two types of claims as equivalent in this very context. In *Ted B. Minton*, 50 Van Natta 2423, 2425 (1998), a case involving a claimant whose aggravation claim was unperfected but nonetheless denied by the insurer, the board concluded:

"Because we have found that [the] claimant has not made a valid aggravation claim, the insurer's * * * denial is a nullity and without legal effect. *See, e.g., Vicki L. Davis*, 49 Van Natta 603 (1997) (where, in the context of a new medical condition claim, the claimant did not make a 'clear request' for a 'formal written acceptance' of the disputed conditions as required by ORS

stands for the proposition that a denial, once issued, is properly subject to a hearing under ORS 656.283 regardless of whether the employer was obligated by statute to issue the denial—logic that applies with equal force in the context of an aggravation claim.

Here, SAIF denied claimant's aggravation claim on its merits, and thus claimant was entitled to request a hearing under ORS 656.283. The board erred in concluding otherwise. In light of that conclusion, we need not address claimant's argument that her aggravation claim satisfied ORS 656.273(3).

Reversed and remanded for reconsideration.

---

656.262(7)(a), the carrier's denial [of] those conditions had no legal effect, as a denial issued in the absence of a claim is a nullity)."