Argued and submitted March 8, affirmed June 9, 2004

In the Matter of the Compensation of
Charles S. Allen, Claimant.

SAIF CORPORATION
and Hap Taylor & Sons,
*Petitioners,*

*v.*

Charles S. ALLEN,
*Respondent.*

01-08588; A120244

91 P3d 808

David L. Runner argued the cause and filed the briefs for petitioners.

Philip H. Garrow argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

SAIF Corporation, on behalf of its insured, Hap Taylor and Sons, denied Allen's claim for workers' compensation benefits for "L5-S1 spondylosis," a back condition causing stiffness and pain.[1] Claimant requested a hearing. An administrative law judge (ALJ) analyzed the claim as though it was based on a "combined condition," that is, a condition involving both a prior, accepted workplace injury and a degenerative disease that preceded it. He found that the workplace injury was the major contributing cause of the disability or need for treatment and therefore ordered SAIF to set aside the denial pursuant to ORS 656.005(7)(a)(B), set out below. SAIF appealed to the Workers' Compensation Board (the board), arguing that the ALJ erred in treating the claim as one for a combined condition. The board affirmed and SAIF seeks judicial review. The sole issue is whether the board erred in applying a "combined condition" analysis. We agree with claimant that the board correctly applied a combined condition analysis, and we therefore affirm.

The following facts are not in dispute. Claimant fell off a truck while working for SAIF's insured in 1999 and subsequently developed low back pain as well as pain, weakness, and numbness in his left leg. An MRI revealed a herniated disc and also some preexisting degenerative disc disease. On his physician's recommendation, claimant had back surgery. SAIF accepted his workers' compensation claim for an "L5-S1 herniated disc" injury. In April 2000, the claim closed, and claimant ultimately received 30 percent unscheduled permanent partial disability.

The pain, however, continued; according to claimant, it worsened. In December 2001, claimant's attorney filed a "new medical condition" claim requesting that SAIF modify its 1995 acceptance to include not only the herniated disc injury but also the L5-S1 spondylosis. SAIF denied the claim, stating in part:

> "We have received a claim to formally accept L5-S1 spondylosis * * *. We have investigated the request but are unable to accept the condition(s) for the following reason(s):

---

[1] Claimant raised other issues, but this petition involves only the L5-S1 spondylosis.

"The condition(s) you claim is/are not compensably related to your accepted injury.

"The condition(s) you claim preexisted your injury and were not caused or pathologically worsened by your injury."

Claimant appealed. The ALJ analyzed the spondylosis claim under ORS 656.005(7)(a)(B), the "combined condition" statute, which provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

The ALJ concluded:

"The L5-S1 spondylosis is compensable under ORS 656.005(7)(a)(B) as a preexisting component of a combined compensable condition. That is because the preexisting spondylosis has combined with the work injury to cause claimant's disability or need for treatment and the work injury has been the major cause."

The ALJ, in other words, concluded that claimant's back condition resulted from the combination of the back disease that he had before the injury and the injury itself, and that the injury—not the preexisting disease—was the condition's major cause, thus rendering the condition compensable under ORS 656.005(7)(a)(B). SAIF appealed the ALJ's decision to the board, arguing that the ALJ erred in applying the combined condition statute to the claim. The board disagreed and affirmed the ALJ. SAIF seeks judicial review.

■ The dispute before us, then, is whether the board erred in evaluating the claim under ORS 656.005(7)(a)(B); as SAIF phrases it, we must decide whether "the issue of the compensability of a 'combined condition' was properly before the ALJ." At the core of this dispute is the subtle difference between a condition that results when an injury *aggravates* a preexisting disease, on the one hand, and, on the other, a combined condition, which results when an injury *combines with* a preexisting disease. SAIF argues that claimant

requested acceptance of his condition as a new condition that resulted when the workplace injury seriously worsened the preexisting disease. The denial, according to SAIF, was based on SAIF's conclusion that the injury did not cause the preexisting disease to worsen; claimant's condition was, in essence and for the most part, the preexisting condition itself. Claimant, on the other hand, maintains that the board correctly treated SAIF's denial as a denial of a combined condition, that is, a condition resulting from the merging or blending of the preexisting disease and the accepted workplace injury, and that SAIF based the denial on its conclusion that the preexisting disease, and not the injury, was the major contributing cause of the condition—a conclusion the board then rejected in light of the medical evidence. We agree with claimant.[2]

Several of the legal principles relevant to this dispute are well settled. First, if SAIF treated the claim as a combined condition claim and denied it as such, then the ALJ and the board correctly treated it as such. *Sound Elevator v. Zwingraf,* 181 Or App 150, 155, 45 P3d 958, *rev den,* 334 Or 693 (2002). Second, the scope of a denial is a question of fact. *Longview Inspection v. Snyder,* 182 Or App 530, 536, 50 P3d 1201 (2002). Third, we review factual questions for substantial evidence. ORS 656.298(7); ORS 183.482(7). From those principles flows inevitably the conclusion that the board did not err.

When SAIF denied claimant's claim in December 2000, it had medical evidence analyzing claimant's condition as a combined condition, and it received additional reports that addressed the issue of a combined condition before the hearing. Specifically, SAIF had a chart review performed by Dr. Williams responding to several questions, including the following.

---

[2] SAIF does not explain how the claim *should* have been analyzed or how the outcome would have been different under the proper analysis. It asks only for a remand "for a decision of the specific conditions actually denied and litigated." Because we conclude that the board did not err in approving the combined condition analysis, we need not explore whether any other analysis would have produced a different result.

"4. Was there a pre-existing condition that combined with the results of the July 28, 1999 injury?

"[Answer:] On the MRI at L5-S1 slight loss in height of disc space indicating pre-existing disc degeneration at L5-S1. These pre-existing conditions did combine with the events of July 28, 1999.

"5. If there has been a combining of conditions, what is the major contributing cause of the total combined condition?

"[Answer:] It is my opinion the work injury of July 28, 1999 is the major contributing cause."

(Boldface omitted.) In addition, claimant's doctor's reports of October 19 and October 31, 2001, both refer to degenerative spondylosis at L5-S1 as part of his condition. Dr. Leonardo's December 18, 2001, report reviewing claimant's MRIs also responded to specific questions regarding a combined condition:

"[Question:] Please describe any pre-existing conditions and/or factors which play a role in [claimant's] need for treatment and/or disability. Please discuss the etiology of each condition.

"[Answer:] [Claimant] has spondylosis changes of L5-S1. The initial injury caused acute disc protrusion/herniation. Overall, the objective MRI findings from the postoperative examination are essentially stable. There is a suggestion of pre-existing spondylosis at L5-S1 given the increased desiccation at this level. * * * The patient's injury, at the time of presentation, was the major contributing factor with minimal pre-existent spondylosis at L5-S1 suggested.

"[Question:] If there are pre-existing conditions or factors, do they combine with the results of the injury of July 28, 1999 in the sense th[at] the pre-existing conditions 1) cause the injury to be more severe than normal, 2) prolong recovery, or 3) increase the disability or need for treatment? Please explain.

"[Answer:] The major contributing factor most likely at the time of July 28, 1999 was the patient's injury. There may have been some other annular weakness due to early

degenerative changes that may have contributed to enhance the injury to make [it] more severe than normal.

"[Question:]   If there is such a combined condition, is the pre-existing condition the major (›50%) contributing cause of the combined condition and the resulting need for treatment and/or disability?

"[Answer:]   Based on the imaging studies, I do not believe that a pre-existing condition is the major contributor currently given the overall stability of the postoperative imaging findings. Currently, there has been minimal progression of the patient's spondylosis. If this progression had been accelerated, I would presume that the pre-existing condition would be the major contributing cause. However, currently, based on the imaging findings, the major contributing cause appears to be the patient's initial injury."

(Italics omitted.) An orthopedic surgeon, Dr. Vessely, performed an insurer medical examination (IME) at SAIF's request. His report includes the following statement:

"In comparing these four MRIs, this patient shows consistently a bulge at the L5-S1 level. Along with this, is a degenerative disc process.

"* * * * *

"The patient also has a degenerative disc at L4-5 that shows posterior midline bulging. He has other levels of degenerative change. These are all pre-existing."

In its order on review, the board reasoned that SAIF's denial contemplated a combined condition analysis because it referred to a condition that "preexisted" the work injury and asserted that the condition was "not pathologically worsened by" the injury. SAIF argues that this language did not put the issue of a combined condition before the ALJ because the language does not invoke ORS 656.005(7)(a)(B), "or a 'combined condition' analysis." While it is true that the language of the denial does not expressly track the statute defining a combined condition, ORS 656.005(7)(a)(B), it does track the combined condition analysis under the statute that defines "occupational disease," ORS 656.802(2)(b). That statute provides:

"If the occupational disease claim is based on the worsening of a preexisting disease or condition pursuant to ORS

656.005(7), the worker must prove that employment conditions were the major contributing cause of the combined condition and pathological worsening of the disease."

Further, in *Columbia Forest Products v. Woolner*, 177 Or App 639, 647, 34 P3d 1203 (2001), we noted that "a notice of acceptance that fails to employ the specific words 'combined condition' is not—for that reason alone—insufficient as a matter of law to constitute an acceptance of a combined condition * * *." And finally, the scope of a denial does not depend solely on the words it uses but also on the context in which it is made. *Longview Inspection*, 182 Or App at 536.

We therefore conclude that substantial evidence supports the board's finding that SAIF's denial did encompass a combined condition. The board must apply the relevant law. *DiBrito v. SAIF*, 319 Or 244, 875 P2d 459 (1994) ("[I]n reviewing the record of a workers' compensation claim, the Board's first task is to determine which provisions of the Workers' Compensation Law are applicable."). The board correctly concluded that the ALJ did not err in considering the combined condition at the hearing.

SAIF relies primarily on *Longview Inspection*. That reliance is misplaced. Although we did hold in that case that the express language of the insurer's denial precluded the ALJ and the board from applying a combined condition analysis, we did so because the ALJ's decision to apply that analysis was "based on medical evidence that the employer did not have when it issued the denial and that evidence was of an injury not encompassed by the denial." 182 Or App at 538. *Longview Inspection*, in other words, stands for the proposition that, in construing a denial, we will take into consideration the context in which it is made, including what the insurer did or did not know; here, that proposition works against SAIF, not for it, because, as explained above, SAIF's denial was issued in the context of its awareness that claimant had a combined condition involving his preexisting spondylosis and his workplace injury.

Affirmed.